**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Hamlin Tec, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| JPMorgan Chase Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, by and through its undersigned counsel, and for its Complaint states:

## INTRODUCTION

1. Hamlin brings this Complaint pursuant to 28 U.S.C. § 1332 to resolve its claims under the Illinois UCC to be reimbursed for a $133,106.78 wire transfer made to an account with account beneficiary different than designated in its wire transfer payment order.

## PARTIES

2. Plaintiff Hamlin Tec Inc. ("Hamlin") is an Illinois corporation with its principal place of business in Prospect Heights, Cook County, Illinois.

3. Defendant JPMorgan Chase Bank N.A. ("Chase") is a Delaware corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4. Jurisdiction is proper because Hamlin brings this Complaint pursuant to 28 U.S.C. § 1332 with respect to duties and obligations under the Illinois UCC for a wire transfer, the parties in this action are of diverse citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and pursuant to 810 ILCS 5/4A-105(a)(2), because it is the judicial district in which the Chase branch bank is located from which

Hamlin keeps its account and directed its wire transfer, and is brought in the judicial in which Hamlin resides.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

6. On or about January 19, 2022 Hamlin was requested through email, by an imposter posing as its vendor, Union Electronic Distributors (UED), to make Hamlin's next account payable payment to UED at a new account, xxxxxxxxx7502, at a new bank, Truist Bank ("Truist").

7. On or about January 20, 2022 Plaintiff initiated a written wire instruction ("Payment Order") to Chase directing Chase to make a commercial wire transfer of $133,106.78 from Plaintiff's account at Chase to the alleged account of Plaintiff's vendor, UED, at its Truist account xxxxxxxxx7502.

8. Chase labeled the transaction an Automated Clearinghouse (ACH) payment, but it was a commercial wire transfer governed by Illinois UCC, 810 ILCS 5/4A-101 et. al, because it was a funds transfer pursuant to Sections 4A-102 and 4A-104, and not excluded as a consumer transaction under Section 4A-108.

9. On or about January 21, 2022, Chase executed a payment order for $133,106.78 to be sent from Plaintiff's account with Chase to Truist account xxxxxxxxx7502 ("Wire Transfer"), but which account at Truist was not owned by UED. UED did not receive the Wire Transfer and did not credit Plaintiff's accounts receivable for the Wire Transfer.

10. Truist account xxxxxxxxx7502 is nominally owned by ClassicPlan Premium Financing, Inc., a California corporation ("ClassicPlan"), but was opened in Florida by an imposter using ClassicPlan's information.

11. On or about January 31, 2022, Plaintiff discovered the Wire Transfer was not received by UED, and that day Plaintiff's owner, Bogdan Munteanu, notified Chase and made a police report that the Wire Transfer was based on fraud. Munteanu went into Chase's Highland Park branch and

explained the Wire Transfer did not go to the Beneficiary, "Union Electronic Distributors" or "UED NEW", as identified in the Payment Order.

12. Around February 6, 2022, Munteanu went to the same Chase branch to discuss Chase's responsibility to get the Wire Transfer to Union Electronic Distributors or UED NEW, and Chase not having executed the Wire Transfer to UED's account as identified in the Payment Order. Plaintiff asked Chase if it had verified the Truist account was under the same name as the Payment Order, as UED did not receive the funds, and why Plaintiff had to pay the Wire Transfer if Chase had not verified the Truist account was owned by UED. Chase responded it still had to debit Plaintiff's account for the Wire Transfer. Plaintiff paid the Payment Order and Wire Transfer, and Chase has never refunded that payment.

13. The imposter that opened and controlled Truist account xxxxxxxxx7502 transferred $83,777 out of the account by check on or about January 28, 2022, and $2,969.85 out of the Account by check card purchases between January 25, 2022 and January 31, 2022, leaving a balance at the end of January 2022 of $46,371.93.

14. On February 16, 2022, Plaintiff filed, through counsel, a Verified Petition to discover the identity of the owner of Truist account xxxxxxxxx7502 in the Circuit Court of Cook County, Case No. 2022L1558.

15. On August 24, 2022, Plaintiff obtained through discovery to Truist, ClassicPlan Premium Financing, Inc. as the identity of the owner of account xxxxxxxxx7502. Plaintiff then contacted ClassicPlan to demand back its Wire Transfer funds.

16. Plaintiff has never had any business relationship or other relationship with ClassicPlan.

17. On September 1, 2022, ClassicPlan executed an affidavit attesting it did not open and does not control account xxxxxxxxx7502, nor have any account at Truist.

18. Truist closed account xxxxxxxxx7502, with a remaining balance of $45,020.45, and on April 6, 2023 filed a complaint for interpleader of those funds in the US District Court for the Northern District of Illinois, Case No. 23-cv-2169.

19. As of the date Chase accepted the Payment Order, Plaintiff did not have notice from Chase that payment of a payment order issued by Chase might be made by the beneficiary bank on the basis of an identifying or bank account number even if it identifies a person different from the named beneficiary.

20. The Payment Order references the terms of the ACH Payments Services Agreement, which is a notice for consumer transactions that does not use the terminology of Illinois UCC Section 4A.

21. There is a provision of the Illinois UCC, 810 ILCS 5/4A-103. Payment Orders: definitions:

(a) In this Article:

(1) "Payment order" means an instruction of a sender to a receiving bank, transmitted orally, electronically, or in writing, to pay, or to cause another bank to pay, a fixed or determinable amount of money to a beneficiary if:

(i) the instruction does not state a condition to payment to the beneficiary other than time of payment,

(ii) the receiving bank is to be reimbursed by debiting an account of, or otherwise receiving payment from, the sender, and

(iii) the instruction is transmitted by the sender directly to the receiving bank or to an agent, funds transfer system, or communication system for transmittal to the receiving bank.

(2) "Beneficiary" means the person to be paid by the beneficiary's bank.

(3) "Beneficiary's bank" means the bank identified in a payment order in which an account of the beneficiary is to be credited pursuant to the order or which otherwise is to make payment to the beneficiary if the order does not provide for payment to an account.

(4) "Receiving bank" means the bank to which the sender's instruction is addressed.

(5) "Sender" means the person giving the instruction to the receiving bank.

22. There is a provision of the Illinois UCC, 810 ILCS 5/4A-104. Funds transfer; definitions:

> (a) "Funds transfer" means the series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order. The term includes any payment order issued by the originator's bank or an intermediary bank intended to carry out the originator's payment order. A funds transfer is completed by acceptance by the beneficiary's bank of a payment order for the benefit of the beneficiary of the originator's payment order.
>
> (b) "Intermediary bank" means a receiving bank other than the originator's bank or the beneficiary's bank.
>
> (c) "Originator" means the sender of the first payment order in a funds transfer.
>
> (d) "Originator's bank" means (i) the receiving bank to which the payment order of the originator is issued if the originator is not a bank, or (ii) the originator if the originator is a bank.

23. Under the foregoing Illinois UCC definitions, and facts pleaded:

   a. Plaintiff was both Sender and Originator of the Wire Transfer;

   b. Chase was both Originator's Bank and Receiving Bank;

   c. Truist was supposed to be the Beneficiary's Bank,

   d. Union Electronic Distributors and UED NEW were the Beneficiary identified in the Payment Order,

   e. ClassicPlan was nominally the beneficiary of account xxxxxxxxx7502, but an unidentified imposter using ClassicPlan's information was the true beneficiary of that account until Truist closed it.

24. There is a provision in the Illinois UCC, 810 ILCS 5/4A-305. Liability for late or improper execution or failure to execute payment order, which states in part:

> (b) If execution of a payment order by a receiving bank in breach of Section 4A-302 results in ... (iii) issuance of a payment order that does not comply with the terms of the payment order of the originator, the bank is liable to the originator for its expenses in the funds transfer and for incidental expenses and interest losses, to the extent not covered by subsection (a), resulting from the improper execution. Except as provided in subsection (c), additional damages are not recoverable.

(e) Reasonable attorney's fees are recoverable if demand for compensation under subsection (a) or (b) is made and refused before an action is brought on the claim.***

25. There is a provision in the Illinois UCC, 810 ILCS 5/4A-402. Obligation of sender to pay receiving bank, which states:

(a) This Section is subject to Sections 4A-205 and 4A-207.

***

(c) This subsection is subject to subsection (e) and to Section 4A-303. With respect to a payment order issued to a receiving bank other than the beneficiary's bank, acceptance of the order by the receiving bank obliges the sender to pay the bank the amount of the sender's order. Payment by the sender is not due until the execution date of the sender's order. The obligation of that sender to pay its payment order is excused if the funds transfer is not completed by acceptance by the beneficiary's bank of a payment order instructing payment to the beneficiary of that sender's payment order.

(d) If the sender of a payment order pays the order and was not obliged to pay all or part of the amount paid, the bank receiving payment is obliged to refund payment to the extent the sender was not obliged to pay. Except as provided in Sections 4A-204 and 4A-304, interest is payable on the refundable amount from the date of payment.

(f) The right of the sender of a payment order to be excused from the obligation to pay the order as stated in subsection (c) or to receive refund under subsection (d) may not be varied by agreement.

**COUNT I – 810 ILCS 5/4A-303, 5/4A-305(b) and 5/4A-402**

*Erroneous Execution of Payment Order*

26. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "25" above as if more fully set forth herein.

27. This Count I is pleaded in the alternative to Counts II and III.

28. There is a provision in the Illinois UCC, 810 ILCS 5/4A-303. Erroneous execution of payment order which states:

(c) If a receiving bank executes the payment order of the sender by issuing a payment order to a beneficiary different from the beneficiary of the sender's order and the funds transfer is completed on the basis of that error, the sender of the payment order that was erroneously

> executed and all previous senders in the funds transfer are not obliged to pay the payment orders they issued. The issuer of the erroneous order is entitled to recover from the beneficiary of the order the payment received to the extent allowed by the law governing mistake and restitution.

29. Chase was the Receiving Bank of Plaintiff's Payment Order.

30. The Payment Order identified Truist Bank as the bank in which an account of the Beneficiary is to be credited pursuant to the order, and identified Union Electronic Distributors and/or UED NEW as the person intended to be paid by Truist Bank.

31. Chase executed Plaintiff's Payment Order by issuing a payment order allowing ClassicPlan, a beneficiary different from the Beneficiary of Plaintiff's Payment Order, to be paid, and the Wire Transfer was completed on the basis of Chase issuing a payment order allowing payment to a beneficiary who Chase did not verify with Truist was the Beneficiary identified in Plaintiff's Payment Order.

32. Plaintiff paid Chase the $133,106.78 amount of the Payment Order, and Chase has never returned those funds to Plaintiff.

33. The Wire Transfer was not completed by acceptance by Truist Bank of Plaintiff's Payment Order instruction for payment to Union Electronic Distributors and/or UED NEW.

34. Plaintiff was not obligated to pay the Payment Order pursuant to UCC Sections 4A-303(c) and 4A-402(c), and Plaintiff is entitled to have Chase refund the $133,106.78 it paid Chase for the Payment Order and Wire Transfer plus interest on the refundable amount from the date of payment on January 21, 2022 pursuant to UCC Section 4A-402(d).

**WHEREFORE**, Plaintiff requests this honorable Court enter an order finding Defendant erroneously executed Plaintiff's Payment Order, finding Plaintiff was not obligated to pay Defendant on the $133,106.78 Payment Order, ordering Defendant to refund Plaintiff's payment

plus interest from January 21, 2022, and ordering Defendant to pay Plaintiff its expenses in the funds transfer resulting from Defendant's improper execution including reasonable attorney's fees in this case and Plaintiff's Illinois Rule 224 Petition.

**COUNT II – 810 ILCS 5/4A-207(a) and 5/4A-209(c)**
Non-existent UED Account at Truist Bank Prevented Acceptance

35. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "25" above as if more fully set forth herein.

36. This Count II is pleaded in the alternative to Counts I and III.

37. There is a provision in the Illinois UCC, 810 ILCS 5/4A-207. Misdescription of beneficiary:

> (a) Subject to subsection (b), if, in a payment order received by the beneficiary's bank, the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur.

38. There is a provision in the Illinois UCC, 810 ILCS 5/4A-209. Acceptance of payment order:

> (c) Acceptance of a payment order cannot occur before the order is received by the receiving bank. Acceptance does not occur under subsection (b)(2) or (b)(3) if the beneficiary of the payment order does not have an account with the receiving bank, the account has been closed, or the receiving bank is not permitted by law to receive credits for the beneficiary's account.

39. UED's bank at the time Plaintiff was making wire transfer payments at the time the imposter asked Plaintiff to change its next Wire Transfer to Truist, was held at First Community Bank & Trust, 1111 Dixie Highway, Beecher, IL 60401.

40. UED did not maintain any account at Truist Bank at the time of the Wire Transfer.

41. Upon information and belief, Truist Bank did not have any account owned by Union Electronic Distributors or UED NEW, or by any person similar in name, at the time of the Wire Transfer.

42. Because the Payment Order identifies "Union Electronic Distributors" and "UED NEW" as the payment Beneficiary, but Truist has no account owned under either of those names, the name refers to a non-existent or unidentifiable person or account with Truist and no person had rights as

a beneficiary of the Payment Order, and acceptance did not occur.

43. Plaintiff paid Chase the $133,106.78 amount of the Payment Order, and Chase has never returned those funds to Plaintiff.

44. Plaintiff was not obligated to pay the Payment Order pursuant to Illinois UCC Sections 5/4A-207(a) and 5/4A-402(c), and Plaintiff is entitled to have Chase refund the $133,106.78 it paid Chase for the Payment Order plus interest on the refundable amount from the date of payment on January 21, 2022 pursuant to UCC Section 5/4A-402(d).

**WHEREFORE**, Plaintiff requests this honorable Court enter an order finding the Payment Order identified a non-existent beneficiary at Truist Bank and no one has rights as beneficiary under it, finding the Payment Order could not be accepted, finding Plaintiff was not obligated to pay Defendant on the $133,106.78 Payment Order, ordering Defendant to refund Plaintiff's payment plus interest from January 21, 2022, and ordering Defendant to pay Plaintiff its expenses in the funds transfer resulting from Defendant's improper execution including reasonable attorney's fees in this case and Plaintiff's Illinois Rule 224 Petition.

**COUNT III – 810 ILCS 5/4A-207(b) and 5/4A-402**
Lack of Statutory Notice

45. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "25" above as if more fully set forth herein.

46. This Count III is pleaded in the alternative to Counts I and II.

47. There is a provision in the Illinois UCC, 810 ILCS 5/4A-207. Misdescription of beneficiary:

> (b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
>
> (1) Except as otherwise provided in subsection (c), if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine

whether the name and number refer to the same person.

(2) If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

(c) If (i) a payment order described in subsection (b) is accepted, (ii) the originator's payment order described the beneficiary inconsistently by name and number, and (iii) the beneficiary's bank pays the person identified by number as permitted by subsection (b)(1), the following rules apply:

(1) If the originator is a bank, the originator is obligated to pay its order.

(2) If the originator is not a bank and proves that the person identified by number was not entitled to receive payment from the originator, the originator is not obliged to pay its order unless the originator's bank proves that the originator, before acceptance of the originator's order, had notice that payment of a payment order issued by the originator might be made by the beneficiary's bank on the basis of an identifying or bank account number event if it identifies a person different from the named beneficiary. Proof of notice may be made by any admissible evidence. The originator's bank satisfies the burden as proof if it proves that the originator, before the payment order was accepted, signed a writing stating the information to which the notice relates.

48. The person identified by account xxxxxxxxx7502 with Truist, ClassicPlan, was not entitled to receive payment from Plaintiff because Plaintiff and ClassicPlan have no business or other relationship for which Plaintiff would owe it money.

49. The imposter controlling the ClassicPlan account xxxxxxxxx7502 with Truist was not ClassicPlan, and Plaintiff and the imposter have no relationship together for which Plaintiff would owe them any money.

50. Upon information and belief, Truist paid the Payment Order based on the account number identified in the Payment Order alone, without determining if the beneficiary identified by name in the Payment Order held an account with it.

51. Plaintiff did not have notice prior to Chase's acceptance of the Payment Order that the Payment Order might be paid by the beneficiary's bank based on the bank account number alone, even if it identified a person different from the beneficiary named in the Payment Order.

52. Plaintiff paid Chase the $133,106.78 amount of the Payment Order, and Chase has never returned those funds to Plaintiff.

53. Plaintiff was not obligated to pay the Payment Order pursuant to UCC Section 4A-207(c)(2) and 5/4A-402(c), and Plaintiff is entitled to have Chase refund the $133,106.78 it paid Chase for the Payment Order plus interest on the refundable amount from the date of payment on January 21, 2022 pursuant to UCC Section 4A-402(d).

**WHEREFORE**, Plaintiff requests this honorable Court enter an order finding the person identified by account xxxxxxxxx7502 was not entitled to payment from Plaintiff, finding Plaintiff did not have notice as required under UCC Sec. 4A-207(c)(2), finding Plaintiff was not obligated to pay Defendant on the $133,106.78 Payment Order, ordering Defendant to refund Plaintiff's payment plus interest from January 21, 2022, and ordering Defendant to pay Plaintiff its expenses in the funds transfer resulting from Defendant's improper execution including reasonable attorney's fees in this case and its Illinois Rule 224 Petition.

Respectfully Submitted,

Hamlin Tec, Inc.

By: /s/ Steven B. Pollack
One of its Counsel

Pollack Law Firm
Steven B. Pollack, ARDC 6290482
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
Ph. 847-436-9566 | Fax 888-491-9566
steve@ecoesq.com