**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HAMLIN TEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | No. 1:23-cv-03415<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Heather K. McShain |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff's Complaint ("Complaint," Dkt. No. 1) seeks relief against Chase for various purported violations of Section 4A of the Illinois Uniform Commercial Code, 810 ILCS 5/4A-101, *et seq*. (the "Illinois UCC"), including violations of Sections 4A-303, 4A-305(b), and 4A-402 in Count I; Sections 810 ILCS 5/4A-207(a) and 4A-209(c) in Count II; and Sections 4A-207(b) and 4A-402 in Count III. Plaintiff's claims arise from its own decision to comply with the requests of a third-party actor and affirmatively instruct Chase to send a $133,106.78 fund transfer from Plaintiff's Chase deposit account to an account maintained by Truist Bank ending in -7502.

The Court should enter summary judgment in Chase's favor on all of Plaintiff's claims because it is undisputed that (1) Chase followed Plaintiff's express instructions to execute a payment order and send money to an Account ending in -7502, (2) Plaintiff had express notice that Chase and other banks involved in the funds transfer process may rely solely upon the account number provided for payment, even where the account number does not match the name of the beneficiary on the account, and (3) the various other statutory provisions of the Illinois UCC that Plaintiff tries to rely upon do not create any independent duties or obligations for Chase and Chase's conduct was at all times proper.

## SUMMARY OF UNDISPUTED MATERIAL FACTS

On October 24, 2019, Hamlin Tec opened a Chase Total Business Checking Account ending in -3593 ("Account -3593"), with Chase. (Statement of Undisputed Material Facts ("SMF"), ¶ 4.) Hamlin Tec's President, Bogdan J. Munteanu ("Munteanu"), signed a Business Signature Card associated with Account -3593 on October 24, 2019 (the "Signature Card"). (*Id.* ¶ 5.) Munteanu is the sole owner of Hamlin Tec and signed the Signature Card for Account -3593 on behalf of Hamlin Tec. (*Id.* ¶¶ 8, 9, 24.) The Signature Card bears the signature of Munteanu.

(*Id.* ¶ 6.) Plaintiff is and was at all times relevant hereto the "Depositor" as that term is used on the Signature Card. (*Id.* ¶ 7.) The Signature Card refers to the Deposit Account Agreement ("DAA") that applies to Account -3593. (*Id.* ¶ 8.) In addition to Account -3593, which is held in Hamlin Tec's name, Hamlin Tec holds deposit accounts with Chase ending in -7241 and -1635, and Munteanu holds personal deposit accounts with Chase ending in -3900, -9462, -2562, -8125, and -3595. (*Id.* ¶ 25.)

The Signature Card provided that: "By signing this Signature Card, the Depositor applies to open a deposit account at JPMorgan Chase Bank, N.A. (the 'Bank'). … The Depositor acknowledges receipt of the Bank's Deposit Account Agreement or other applicable account agreement, which include all provisions that apply to this deposit account, and other agreements and service terms for account analysis and other treasury management services if applicable, and agree to be bound by the terms and conditions contained therein as amended from time to time." (*Id.* ¶ 10.) Chase makes a copy of the effective Chase Deposit Account Agreement ("DAA") available to every customer who holds a deposit account with Chase both in branches and on the Chase.com website, including when Plaintiff opened Account -3593 in October 2019. (*Id.* ¶ 11.)

Various iterations of the DAA were in effect for the time period between August 25, 2019 and March 19, 2022 (*Id.* ¶¶ 12-23.) Each iteration of the DAA provided at all times: "By signing a signature card or submitting an account application, or by using any of our deposit account services, you and anyone else identified as an owner of the account agree to the terms in this agreement. (*Id.* ¶ 29.)

Each iteration of the DAA also provided at all times: "We may change the terms of this agreement, including fees and features of your account, at any time. If any change would adversely affect you, we will notify you in advance, unless the change is necessary to comply with a legal

requirement. For CDs, changes that would adversely affect you will be effective on the next maturity date. If we transfer your account to a different business unit within the bank, we may give notice in the same manner and provide you a different deposit agreement to govern your account. You agree that notice of these changes may be provided to any joint owner. We are not required to send you notice of interest rate and Annual Percentage Yield changes for variable rate accounts or notice of changes in printing fees for documents (such as checks). We may direct you to a branch or chase.com for the content of any changes or the revised agreement unless the law requires a different method. By maintaining your account after the effective date of any change, you agree to the change." (*Id.* ¶ 30.)

Each iteration of the DAA also provided at all times: "If you instruct us to send a funds transfer, such as a wire or ACH transfer, we and every other bank involved in the transfer may rely on any bank number or account number you provide. If the funds transfer instruction gives both a bank number or account number and a name, and the name identifies a different person from the bank or account owner identified by number, we and other banks that handle the funds transfer may still rely exclusively on the number. We have no duty to detect any inconsistency between the bank number or account number and the name." (*Id.* ¶ 31.)

Each iteration of the DAA also provided at all times: "**WE WILL NOT BE LIABLE FOR INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE FORM OF ACTION AND EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.**" (*Id.* ¶ 32.)

Munteanu enrolled to use Chase's online services and created an online profile on July 24, 2009. (*Id.* ¶ 33.) After Account -3593 was established in Hamlin Tec's name, it was linked with Munteanu's online profile. (*Id.* ¶ 34.) Because Account -3593 was linked with Munteanu's online

profile, Mr. Munteanu was able to transact online with respect to Account -3593 through his online profile. (*Id.* ¶ 35.) Hamlin Tec accesses and uses banking services provided by Chase online. Munteanu, through his online profile, accepted Chase's Vendor Payment Service Agreement on December 3, 2009. (*Id.* ¶ 37.)

The Vendor Payment Service Agreement in effect in January 2022 provided: "In processing and transmitting Instructions and Entries issued in your name, JPMorgan Chase may rely upon the identifying number (e.g., bank routing number or Payee account number) of any bank or Payee identified in the Instructions. The RDFI may credit or debit, as appropriate, the account of the Payee on the basis of an account number, even if it identifies a person different from the Receiver. You assume full responsibility for any inconsistency between name and identifying number of any bank or Receiver in Instructions issued in your name and in any Entries processed and transmitted by JPMorgan Chase therefrom." (*Id.* ¶ 38.)

On January 19, 2022, an unknown third party contacted Hamlin Tec through email, pretended to be Union Electronic Distributors ("UED")—one of Hamlin Tec's business vendors, and asked Hamlin Tec to direct its next payment to UED to a new bank account ending in -7502 (the "-7502 Account"). (*Id.* ¶ 39.) After receiving the email on January 19, 2022, Munteanu, on behalf of Hamlin Tec, Inc., logged into his Chase online profile by entering his unique username and password into Chase's system. (*Id.* ¶ 40.) Munteanu created a new payment profile for UED by entering the account name, account number, and routing number. (*Id.* ¶ 41.) Munteanu initially issued a payment order instruction to Chase to pay UED at the -7502 Account on January 19, 2022, but the transaction was restricted by Chase. (*Id.* ¶ 42.) Subsequently, Munteanu visited his Chase bank branch, provided his information to Chase, confirmed that he was acting on behalf of Hamlin Tec, and confirmed that he was intending to send $133,106.78 to the account purporting to be UED

ending in -7502. (*Id.* ¶ 43.) On January 20, 2022, Plaintiff initiated a payment order to Chase directing Chase to make a transfer of $133,106.78 from Account -3593 to UED at the -7502 Account. (*Id.* ¶ 44.) On January 31, 2022, Plaintiff learned that UED did not receive the funds that were sent to Account -7502 because UED did not own or control Account -7502. (*Id.* ¶ 45.)

## **LEGAL STANDARD**

"Summary judgment must be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kemp v. Kickert Sch. Bus Lines*, 2021 U.S. Dist. LEXIS 188823, at *7 (N.D. Ill. Sep. 30, 2021) (quoting Fed. R. Civ. P. 56(a)). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). That is, summary judgment is appropriate "when the record reveals that no reasonable jury could find for the non-moving party." *McCoy v. WGN Continental Broad. Co.*, 957 F.2d 368, 370 (7th Cir. 1992). As the moving party, Chase need only show the absence of a genuine issue of material fact. Upon meeting this threshold (which Chase clearly can), Plaintiff, as the nonmoving party, bears the burden of coming forward with specific evidence, not mere allegations or denials, to show that there is, in fact, a genuine issue that must be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (nonmoving party cannot rest upon mere allegations in the pleadings or conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with documentary evidence); *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987) (same).

Summary judgment is particularly appropriate where, as here, the matter in dispute involves contract interpretation and application. *Murphy v. Keystone Steel & Wire Co.*, 61 F.3d

560, 565-66 (7th Cir. 1995) ("Summary judgment is particularly appropriate in cases involving the interpretation of contracts.").

## ARGUMENT

### I. CHASE IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR VIOLATION OF SECTIONS 4A-303, 4A-305(b) AND 4A-402(c) OF THE ILLINOIS UCC (COUNT I)

Plaintiff alleges in Count I that he should be entitled to recover the amount of the ACH payment that Plaintiff instructed Chase to make on January 20, 2022 because "Plaintiff was not obligated to pay the Payment Order pursuant to UCC Sections 4A-303(c) and 4A-402(c)…." (Compl. ¶ 34.) Chase disagrees with Plaintiff's bare assertion and submits that the record evidence establishes that no reasonable jury could find that a violation of either UCC 4A-303(c) or 4A-402(c) occurred. Section 4A-303(c) of the Illinois UCC provides:

> (c) If a receiving bank executes the payment order of the sender by issuing a payment order to a beneficiary different from the beneficiary of the sender's order and the funds transfer is completed on the basis of that error, the sender of the payment order that was erroneously executed and all previous senders in the funds transfer are not obliged to pay the payment orders they issued. The issuer of the erroneous order is entitled to recover from the beneficiary of the order the payment received to the extent allowed by the law governing mistake and restitution.

810 ILCS 5/4A-303(c).

First, the Court should grant summary judgment in Chase's favor on Plaintiff's UCC 4A-303(c) claim because there is not an iota of evidence in the record that Chase (which is the "receiving bank", *i.e.* it received the payment order)[1], executed Plaintiff's payment order "by issuing a payment order to a beneficiary ***different from the beneficiary of the sender's order***[.]" *See* 810 ILCS 5/4A-303(c) (emphasis added). To the contrary, the undisputed evidence proves that Plaintiff's funds went exactly where it instructed Chase to send them. Specifically, there is no

[1] 810 ILCS 5/4A-103.

dispute that Munteanu visited his Chase bank branch, provided his information to Chase, confirmed that he was acting on behalf of Hamlin Tec, and confirmed that he was intending to send $133,106.78 to the account ending in -7502. (SOF ¶ 43.) Plaintiff initiated a payment order on January 20, 2022 to Chase directing Chase to make a transfer of $133,106.78 from Account -3593 to UED at the -7502 Account, and Chase followed those instructions. (*Id.* ¶ 44; Compl. at ¶ 7.) In other words, Chase—as receiving bank—executed the payment order to the beneficiary on Plaintiff's order; Chase is not liable for a violation of section 4A-303(c). *See United States AG v. PNC Bank*, Civ. No. 07-417, 2009 U.S. Dist. LEXIS 153155, at *11 (E.D. Pa. March 31, 2009) (granting summary judgment on bank's Section 4A-303(c) claim and finding no violation where "[t]he evidence shows that PNC followed Plaintiff's instructions[.]"). The receiving bank is not liable if sender has fallen for a scam and provides instructions that it later regrets.

Second, summary judgment in Chase's favor is proper on Plaintiff's UCC 4A-402(c) claim because, contrary to his unfounded assertions, this statutory section does not place any affirmative obligations on Chase. Instead, Section 4A-402, which is titled "Obligation of Sender to Pay Receiving Bank" speaks to the circumstances upon which an originator (as defined by the Illinois UCC) would be required to pay its payment order. Subsection (c), which Plaintiff claims Chase violated, states fully:

> (c) This subsection is subject to subsection (e) and to Section 4A-303. With respect to a payment order issued to a receiving bank other than the beneficiary's bank, **acceptance of the order by the receiving bank obliges the sender to pay the bank the amount of the sender's order. Payment by the sender is not due until the execution date of the sender's order.** The obligation of that sender to pay its payment order is excused if the funds transfer is not completed by acceptance by the beneficiary's bank of a payment order instructing payment to the beneficiary of that sender's payment order.

810 ILCS 5/4A-402(c) (emphasis added). The Official Comment #2 to Section 4A-402 clarifies this further. It states:

> Assume that Originator instructs Bank A to order immediate payment to the account of Beneficiary in Bank B. Execution of Originator's payment order by Bank A is acceptance under Section 4A-209(a). Under the second sentence of Section 4A-402(c) the acceptance creates an obligation of Originator to pay Bank A the amount of the order. The last clause of that sentence deals with attempted funds transfers that are not completed. In that event the obligation of the sender to pay its payment order is excused. Originator makes payment to Beneficiary when Bank B, the beneficiary's bank, accepts a payment order for the benefit of Beneficiary. Section 4A-406(a). If that acceptance by Bank B does not occur, the funds transfer has miscarried because Originator has not paid Beneficiary. Originator doesn't have to pay its payment order, and if it has already paid it is entitled to refund of the payment with interest.

810 ILCS 5/4A-402 cmt. 2. Here, the undisputed evidence establishes that the funds transfer that Plaintiff instructed Chase — the receiving bank — to make was accepted by Chase, completed, and accepted by the beneficiary bank. (SOF ¶ 43; Compl. at ¶ 7.) Accordingly, there is no genuine dispute of material fact that Plaintiff's Section 4A-402(c) claim fails as a matter of law.

## II. CHASE IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR VIOLATION OF SECTIONS 4A-207(a) AND 4A-209(c) OF THE ILLINOIS UCC (COUNT II)

### A. Plaintiff's Section 4A-207 Claims Against Chase Fails as a Matter of Law.

Plaintiff filed this claim against the wrong entity; the obligations of Section 4A-207 apply to the beneficiary's bank, not the receiving bank. Plaintiff's second cause of action (Count II) asserts that Chase violated Sections 4A-207(a) and 4A-209(c) of the Illinois UCC. It too, should be resolved on summary judgment in Chase's favor because Plaintiff's claim is predicated on the erroneous premise that Chase was under an obligation to confirm that the account number where Plaintiff instructed Chase to send the January 20, 2022 ACH payment matched the "UED" beneficiary name that Plaintiff claims he included in his payment order instruction to Chase. However, even if Plaintiff's erroneous premise were true, under well-settled Illinois law, none of the duties outlined in this section apply to Chase based on the undisputed facts. 810 ILCS 5/4A-207(a) and (b) state the following:

> (a) Subject to subsection (b), if, in a payment order received by the beneficiary's bank, the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur.
>
> (b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
>
> > (1) Except as otherwise provided in subsection (c), if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.
> >
> > (2) If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

A plain reading of Section 4A-207(a) and (b) makes clear that all the stated duties in this section apply to the beneficiary's bank—not Chase, and even if some duties applied to Chase, the undisputed facts confirm that summary judgment is proper.

First, Plaintiff cannot recover against Chase under Section 4A-207(a) because the undisputed evidence establishes that the payment order <u>**did not**</u> refer to a "nonexistent or unidentifiable person[] or account[]." Here, there is no dispute that Plaintiff instructed Chase to make a January 20, 2022 ACH payment totaling $133,106.78 from Account -3593 to UED at the -7502 Account. (SOF ¶ 44.) The fact that the funds went to the -7502 Account proves on its face that Plaintiff could not prevail on a Section 4A-207(a) claim. This is further supported by the official commentary to Section 4A-207, which states:

> **Subsection (a) deals with the problem of payment orders issued to the beneficiary's bank for payment to nonexistent or unidentifiable persons or accounts. Since it is not possible in that case for the funds transfer to be completed, subsection (a) states that the order cannot be accepted.** Under Section 4A-402(c), a sender of a payment order is not obliged to pay its order unless the beneficiary's bank accepts a payment order

> instructing payment to the beneficiary of that sender's order. Thus, if the beneficiary of a funds transfer is nonexistent or unidentifiable, each sender in the funds transfer that has paid its payment order is entitled to get its money back.

810 ILCS 5/4A-207, cmt. 1 (emphasis added). Here, it was possible for the funds transfer to be completed because the payment order went directly to the account number that Plaintiff admittedly and expressly provided to Chase as part of Plaintiff's instructions to Chase. Accordingly, Plaintiff's Section 4A-207(a) claim must fail.

Second, under either 4A-207(b)(1) or 4A-207(b)(2) Plaintiff cannot recover against Chase.[2] As an initial matter, there is no evidence anywhere in the record to support the contention that Truist—the "beneficiary bank" for purposes of the funds transfer at issue in this case—had actual knowledge that there was a mismatch between the beneficiary's name and account number. The lack of evidence of actual knowledge is fatal to any claim advanced under 810 ILCS 5/4A-207(b), much like it is in states applying the same UCC provisions in other states. *See Sunset Cmty. Health Ctr., Inc. v. Capital One Fin. Corp.*, 652 F. Supp. 3d 1020, 1027 (D. Minn. 2023) ("The beneficiary bank is only liable if it has actual knowledge of the mismatch."); *Studco Bldg. Sys. United States, LLC v. 1st Advantage Fed. Credit Union*, 509 F. Supp. 3d 560, 568 (E.D. Va. 2020) ("For purposes of this statute [Section 4A-207], 'Know' means actual knowledge.") *see also* U.C.C. § 4A-207(b)(2) (using the term 'know'); U.C.C. § 1-202(b) (defining 'knowledge' as meaning actual knowledge, and 'know' to have a corresponding meaning).

Next, and importantly, summary judgment is proper on Plaintiff's Section 4A-207(a) and (b) claims because of the plain and clear language contained in Section 4A-207(c), which provides:

> (c) If (i) a payment order described in subsection (b) is accepted, (ii) the originator's payment order described the beneficiary inconsistently by name and number, and (iii) the

[2] Plaintiff's Complaint couches a claim for violation of 810 ILCS 5/4A-207(b) in Count III. For purposes of clarity, Chase's memorandum of law in support of its motion for summary judgment considers Plaintiff's Section 5/4A-207(b) claims and argues for dismissal of those claims on summary judgment grounds in Section II(A) of this brief.

> beneficiary's bank pays the person identified by number as permitted by subsection (b)(1), the following rules apply:
>
> (1) If the originator is a bank, the originator is obliged to pay its order.
>
> (2) If the originator is not a bank and proves that the person identified by number was not entitled to receive payment from the originator, the originator is not obliged to pay its order unless the originator's bank proves that the originator, before acceptance of the originator's order, had notice that payment of a payment order issued by the originator might be made by the beneficiary's bank on the basis of an identifying or bank account number even if it identifies a person different from the named beneficiary. Proof of notice may be made by any admissible evidence. The originator's bank satisfies the burden of proof if it proves that the originator, before the payment order was accepted, signed a writing stating the information to which the notice relates.

810 ILCS 5/4A-207(c). Section 4A-207(c) is instructive. Pursuant to 4A-207(c), Plaintiff (the originator of the ACH transfer at issue) is "obligated to pay" the payment order because Chase (the originating bank of the ACH transfer at issue) can prove that Chase, before acceptance of Plaintiff's payment order, gave Plaintiff "notice that payment of the payment order issued by Chase might be made by the beneficiary's bank on the basis of an identifying or bank account number even if it identifies a person different from the named beneficiary." *Id*. That is, if Chase put Plaintiff on notice that Plaintiff's payment order might be made by the beneficiary's bank on the basis of a bank account number, whether the beneficiary's name did not match is irrelevant, and Plaintiff cannot recover. *See id*. The undisputed facts conclusively show that Chase gave notice to Plaintiff through Plaintiff's acceptance of two separate and distinct written agreements between the parties.

First, the DAA (and all iterations) that governed Plaintiff's banking relationship with Chase provided in plain and clear terms:

> If you instruct us to send a funds transfer, such as a wire or ACH transfer, ***we and every other bank involved in the transfer may rely on any bank number or account number you provide***. If the funds transfer instruction gives both a bank number or account number and a name, and the name identifies a different person from the bank or account owner identified by number, we and other banks that handle the funds transfer may still rely

> exclusively on the number. We have no duty to detect any inconsistency between the bank number or account number and the name."

(SOF ¶ 31) (emphasis added). Moreover, there is no dispute that Plaintiff agreed that the DAA would govern his banking relationship with Chase, and therefore had notice of these plain and clear terms prior to its January 20, 2022 payment order instruction. The undisputed statement of facts make it clear. First, it is undisputed that Munteanu, Hamlin Tec's President, signed the Signature Card on behalf of Hamlin Tec for Account -3593 on October 24, 2019. (*Id.* ¶¶ 5, 8, 9, 24.) Additionally, it is undisputed that when Munteanu signed the Signature Card, he acknowledged and affirmed that he received a copy of the DAA. (*Id.* ¶ 10.) Plaintiff's signature acknowledging receipt of the DAA in October 2019 is consistent with the additional undisputed fact that Chase makes a copy of the effective Chase DAA available to every customer who holds a deposit account with Chase both in branches and on the Chase.com website, including when Plaintiff opened Account -3593 in October 2019. (*Id.* ¶ 11.) In addition to Plaintiff's acknowledgement of receipt of the DAA when Munteanu executed the Signature Card, each iteration of the DAA between August 25, 2019 and March 19, 2022 provided at all times: "By signing a signature card or submitting an account application, or by using any of our deposit account services, you and anyone else identified as an owner of the account agree to the terms in this agreement." (*Id.* ¶¶ 12-23, 29.) Thus, by continuing to use Chase's deposit account services, Plaintiff by its conduct reaffirmed its agreement to be governed by the DAA in effect at that time.

Second, Plaintiff received notice from Chase that Plaintiff's payment order might be made by the beneficiary's bank on the basis of a bank account number in additional agreements beyond the DAA. It is undisputed that Munteanu enrolled to use Chase's online services and created an online profile on July 24, 2009. (*Id.* ¶ 33.) It is also undisputed that, after Account -3593 was established in Hamlin Tec's name, it was linked with Munteanu's online profile. (*Id.* ¶ 34.)

Moreover, because Account -3593 was linked with Munteanu's online profile, Mr. Munteanu was able to transact online with respect to Account -3593 through his online profile. (*Id.* ¶ 35.) It is also undisputed that Hamlin Tec accesses and uses banking services provided by Chase online and that Munteanu, through his online profile, accepted Chase's Vendor Payment Service Agreement on December 3, 2009. (*Id.* ¶ 37.) The Vendor Payment Service Agreement is instructive. The Vendor Payment Service Agreement in effect January 2022 and prior to Plaintiff's payment order instruction plainly and clearly stated the following:

> In processing and transmitting Instructions and Entries issued in your name, JPMorgan Chase may rely upon the identifying number (e.g., bank routing number or Payee account number) of any bank or Payee identified in the Instructions. The RDFI may credit or debit, as appropriate, the account of the Payee on the basis of an account number, even if it identifies a person different from the Receiver. You assume full responsibility for any inconsistency between name and identifying number of any bank or Receiver in Instructions issued in your name and in any Entries processed and transmitted by JPMorgan Chase therefrom.

(*Id.* ¶ 38.) Consequently, there is no dispute that Plaintiff received notice consistent with § 4A-207(c) which invalidates any claim for relief under 4A-207 and summary judgment for Chase.

### B. Plaintiff's Section 4A-209(c) Claim Fails as a Matter of Law Because Chase Was Not the Beneficiary Bank With Respect to Plaintiff's January 20, 2022 Payment Order.

Plaintiff's claim for violation of 810 ILCS 5/4A-209(c) also fails at summary judgment scrutiny because it does not establish or create any specific duties or obligations for Chase—the originator's bank and receiving bank in this dispute—to adhere to. Instead, § 4A-209(c) applies only to a beneficiary's bank's acceptance of a payment order and confers zero obligations on a receiving bank. Accordingly, Plaintiff cannot advance a claim based on this provision as the undisputed evidence makes clear that Chase was not the beneficiary's bank. (*Id.* ¶ 46.)

## III. CHASE IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR VIOLATION OF SECTIONS 4A-207(b) AND 4A-402 OF THE ILLINOIS UCC (COUNT III)

Count III asserts claims for violation of 810 ILCS 5/4A-207(b) and 810 ILCS 5/4A-402 of the Illinois UCC. Earlier in this brief, Chase outlined its specific arguments why the Court should enter summary judgment in Chase's favor on Plaintiff's § 4A-207(b) claim. (*Supra* Part II(A) at pp. 9-14.) Accordingly, Chase focuses solely on Plaintiff's § 4A-402 claim for purposes of this argument section. 810 ILCS 5/4A-402 fully states:

> (a) This section is subject to Sections 4A-205 and 4A-207.
>
> (b) With respect to a payment order issued to the beneficiary's bank, acceptance of the order by the bank obliges the sender to pay the bank the amount of the order, but payment is not due until the payment date of the order.
>
> (c) This subsection is subject to subsection (e) and to Section 4A-303. With respect to a payment order issued to a receiving bank other than the beneficiary's bank, acceptance of the order by the receiving bank obliges the sender to pay the bank the amount of the sender's order. Payment by the sender is not due until the execution date of the sender's order. The obligation of that sender to pay its payment order is excused if the funds transfer is not completed by acceptance by the beneficiary's bank of a payment order instructing payment to the beneficiary of that sender's payment order.
>
> (d) If the sender of a payment order pays the order and was not obliged to pay all or part of the amount paid, the bank receiving payment is obliged to refund payment to the extent the sender was not obliged to pay. Except as provided in Sections 4A-204 and 4A-304, interest is payable on the refundable amount from the date of payment.
>
> (e) If a funds transfer is not completed as stated in subsection (c) and an intermediary bank is obliged to refund payment as stated in subsection (d) but is unable to do so because not permitted by applicable law or because the bank suspends payments, a sender in the funds transfer that executed a payment order in compliance with an instruction, as stated in Section 4A-302(a)(1), to route the funds transfer through that intermediary bank is entitled to receive or retain payment from the sender of the payment order that it accepted. The first sender in the funds transfer that issued an instruction requiring routing through that intermediary bank is subrogated to the right of the bank that paid the intermediary bank to refund as stated in subsection (d).
>
> (f) The right of the sender of a payment order to be excused from the obligation to pay the order as stated in subsection (c) or to receive refund under subsection (d) may not be varied by agreement.

810 ILCS 5/4A-402. Here, much like Plaintiff's other purported Illinois UCC claims, Plaintiff's § 4A-402 claim fails as a matter of law because none of these statutory sections confer duties or obligations upon Chase as the originator's bank and receiving bank in this case.

First, § 4A-402(b) states that the sender of a payment order to the beneficiary's bank must pay the order when the beneficiary's bank accepts the order. *See* 810 ILCS 5/4A-402(b). Here, there is no dispute that the beneficiary's bank in this case accepted the order and there is also no dispute that the sender of the payment order that is the subject matter of this litigation paid the order. Therefore, no claim exists here against Chase.

Second, with respect to § 4A-402(c), Chase also stated in detail earlier in this brief why Plaintiff cannot prevail on this claim. (*Supra* Part I at pp. 7-9.) Accordingly, there can be no claim because there is no dispute that Chase accepted Plaintiff's payment order (SOF ¶ 44; Compl. at ¶ 7), and there is also no dispute that the funds transfer was completed when the beneficiary's bank accepted the payment order which Plaintiff instructed Chase to make to Account -7502. (SOF ¶ 44.)

Third, § 4A-402(d) simply outlines who "takes the loss" if the sender "was not obliged to pay all or part of the amount paid." *See* 810 ILCS 5/4A-402(d). It does not create a duty or obligation by which its violation would establish that Plaintiff was not obliged to pay. (*Id.*)

Fourth, § 4A-402(e) applies to situations where an intermediary bank is used. Here, there is no evidence in the record that an intermediary bank was involved in the January 20, 2022 payment order instruction nor could there be based on the way that the transfer was made.

## **CONCLUSION**

For the foregoing reasons, JPMorgan Chase Bank, N.A. respectfully requests that the Court grant Chase's Motion for Summary Judgment and enter judgment in favor of Chase.

Dated: November 29, 2024

Respectfully submitted,

*/s/ Christopher A. Mair*

Paul J. Ferak
Christopher A. Mair
**GREENBERG TRAURIG, LLP**
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Email: ferakp@gtlaw.com
Email: mairc@gtlaw.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on November 29, 2024, I caused the foregoing **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties.

*/s/ Christopher A. Mair*