**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HAMLIN TEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | No. 1:23-cv-03415<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Heather K. McShain |

**PLAINTIFF HAMLIN TEC, INC.'S AND DEFENDANT JPMORGAN CHASE BANK, N.A.'S JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Hamlin Tec, Inc. ("Plaintiff" or "Hamlin Tec") and Defendant JPMorgan Chase Bank, N.A. ("Chase") by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a)(3), submits the following Joint Statement of Undisputed Material Facts.

1. Hamlin Tec initiated this action by filing suit against Chase in the United States District Court for the Northern District of Illinois on May 31, 2023. (*See* Complaint ("Compl."), Dkt. No. 1, attached hereto at Appx. A.)

2. Hamlin Tec is an Illinois corporation with its principal place of business in Prospect Heights, Cook County, Illinois. (*Id*. at ¶ 2.)

3. Chase is a national banking organization with its main office as designated in its Articles of Association, in Ohio. (Articles of Association, attached hereto at Appx. B.)

4. On October 24, 2019, Hamlin Tec opened a Chase Total Business Checking Account ending in -3593 ("Account -3593"), with Chase. (Declaration of Halie Williams "Williams Decl.," attached hereto at Appx. C, at ¶ 4; Declaration of Rafael Rodriguez, Jr.

"Rodriguez Decl.," attached hereto at Appx. D, at ¶ 3, Ex. A; Plaintiff's Responses to Defendant's First Set of Requests to Admit ("RTA"), attached hereto at Appx. E, at ¶ 2.)

5. Hamlin Tec's President, Bogdan J. Munteanu ("Munteanu"), signed a Business Signature Card associated with Account -3593 on October 24, 2019 (the "Signature Card"). (Appx. D, Rodriguez Decl. at ¶ 3, Ex. A.)

6. The Signature Card bears the signature of Munteanu. (Appx. D, Rodriguez Decl. at Ex. A; Deposition Transcript of Bogdan J. Munteanu, "Munteanu Tr.," attached hereto at Appx. F, at 39:13-40:8.)

7. Plaintiff is and was at all times relevant hereto the "Depositor" as that term is used on the Signature Card. (Appx. D, Rodriguez Decl. at Ex. A.)

8. Munteanu signed the Signature Card to open Account -3593 on behalf of the plaintiff. The Signature Card refers to the Deposit Account Agreement ("DAA") that applies to Account -3593. (Appx. D, Rodriguez Decl. at Ex. A.)

9. Munteanu is the sole owner of Hamlin Tec. (*See* Appx. F, Munteanu Tr. at 11:10-12:18.)

10. The Signature Card provided that: "By signing this Signature Card, the Depositor applies to open a deposit account at JPMorgan Chase Bank, N.A. (the 'Bank'). … The Depositor acknowledges receipt of the Bank's Deposit Account Agreement or other applicable account agreement, which include all provisions that apply to this deposit account, and other agreements and service terms for account analysis and other treasury management services if applicable, and agree to be bound by the terms and conditions contained therein as amended from time to time." (Appx. D, Rodriguez Decl. at Ex. A.)

11. Chase makes a copy of the effective Chase Deposit Account Agreement ("DAA") available to every customer who holds a deposit account with Chase both in branches and on the Chase.com website, including when Plaintiff opened Account -3593 in October 2019. (Appx. C, Williams Decl., at ¶ 5.)

12. The DAA attached as Exhibit A to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between August 25, 2019 and November 16, 2019. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. A (eff. 8/25/19), Ex. B (eff. 11/17/19).)

13. The DAA attached as Exhibit B to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between November 17, 2019, and March 14, 2020. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. B (eff. 11/17/19), Ex. C (eff. 3/15/20).)

14. The DAA attached as Exhibit C to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between March 15, 2020, and May 16, 2020. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. C (eff. 3/15/20), Ex. D (eff. 5/17/20).)

15. The DAA attached as Exhibit D to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between May 17, 2020, and August 8, 2020. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. D (eff. 5/17/20), Ex. E (eff. 8/9/20).)

16. The DAA attached as Exhibit E to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between August 9, 2020, and September 12, 2020. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. E (eff. 8/9/20), Ex. F (eff. 9/13/20).)

17. The DAA attached as Exhibit F to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between September 13, 2020, and November 7, 2020. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. F (eff. 9/13/20), Ex. G (eff. 11/8/20).)

18. The DAA attached as Exhibit G to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between November 8, 2020, and February 6, 2021. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. G (eff. 11/8/20), Ex. H (eff. 2/7/21).)

19. The DAA attached as Exhibit H to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between February 7, 2021, and April 17, 2021. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. H (eff. 2/7/21), Ex. I (eff. 4/18/21).)

20. The DAA attached as Exhibit I to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between April 18, 2021, and July 17, 2021. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. I (eff. 4/18/21), Ex. J (eff. 7/18/21).)

21. The DAA attached as Exhibit J to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between July 18, 2021, and August 7, 2021. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. J (eff. 7/18/21), Ex. K (eff. 8/8/21).)

22. The DAA attached as Exhibit K to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between August 8, 2021, and November 13, 2021. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. K (eff. 8/8/21), Ex. L (eff. 11/14/21).)

23. The DAA attached as Exhibit L to the Declaration of Halie Williams is the DAA that was in effect for Chase checking accounts for the time period between November 14, 2021, and March 19, 2022. (Appx. C, Williams Decl., at ¶ 6, *id*. at Ex. L (eff. 11/14/21).)

24. Munteanu signed the Signature Card for Account -3593 on behalf of Hamlin Tec. (Appx. F, Munteanu Tr. at 39:13-40:8.)

25. In addition to Account -3593, which is held in Hamlin Tec's name, Hamlin Tec holds deposit accounts with Chase ending in -7241 and -1635, and Munteanu holds personal deposit accounts with Chase ending in -3900, -9462, -2562, -8125, and -3595. (Appx. D, Rodriguez Decl. at ¶ 6.)

26. Account -3593 is and has been at all times relevant hereto an "Account" as that term is used under the twelve DAAs. (Appx. D, Rodriguez Decl. at ¶ 3, at Ex A; Appx. C, Williams Decl. at Ex. A at p. 3, Ex. B at p. 5, Ex. C at p. 5, Ex. D at p. 5, Ex. E at p. 5, Ex. F at p. 5, Ex. G at p. 5, Ex. H at p. 5, Ex. I at p. 5, Ex. J at p. 5, Ex. K at p. 5, Ex. L at p. 5.)

27. Plaintiff is and has been at all relevant times hereto "you" or "your" as those terms are used under the twelve DAAs. (Appx. D, Rodriguez Decl. at ¶ 3, at Ex A; Appx. C, Williams Decl. at Ex. A at p. 3, Ex. B at p. 5, Ex. C at p. 5, Ex. D at p. 5, Ex. E at p. 5, Ex. F at p. 5, Ex. G at p. 5, Ex. H at p. 5, Ex. I at p. 5, Ex. J at p. 5, Ex. K at p. 5, Ex. L at p. 5.)

28. Chase is and has been at all relevant times hereto "we," "us," "our," and "Chase" as those terms are used under the twelve DAAs. (Appx. D, Rodriguez Decl. at ¶ 3, at Ex A; Appx. C, Williams Decl. at Ex. A at p. 3, Ex. B at p. 5, Ex. C at p. 5, Ex. D at p. 5, Ex. E at p. 5, Ex. F at p. 5, Ex. G at p. 5, Ex. H at p. 5, Ex. I at p. 5, Ex. J at p. 5, Ex. K at p. 5, Ex. L at p. 5.)

29. Each iteration of the DAA provided at all times: "By signing a signature card or submitting an account application, or by using any of our deposit account services, you and anyone else identified as an owner of the account agree to the terms in this agreement. (Appx. D, Rodriguez Decl. at ¶ 3, at Ex A; Appx. C, Williams Decl. at Ex. A at p. 3, Ex. B at p. 5, Ex. C at p. 5, Ex. D

at p. 5, Ex. E at p. 5, Ex. F at p. 5, Ex. G at p. 5, Ex. H at p. 5, Ex. I at p. 5, Ex. J at p. 5, Ex. K at p. 5, Ex. L at p. 5.)

30. Each iteration of the DAA provided at all times: "We may change the terms of this agreement, including fees and features of your account, at any time. If any change would adversely affect you, we will notify you in advance, unless the change is necessary to comply with a legal requirement. For CDs, changes that would adversely affect you will be effective on the next maturity date. If we transfer your account to a different business unit within the bank, we may give notice in the same manner and provide you a different deposit agreement to govern your account. You agree that notice of these changes may be provided to any joint owner. We are not required to send you notice of interest rate and Annual Percentage Yield changes for variable rate accounts or notice of changes in printing fees for documents (such as checks). We may direct you to a branch or chase.com for the content of any changes or the revised agreement unless the law requires a different method. By maintaining your account after the effective date of any change, you agree to the change." (Appx. C, Williams Decl. at Ex. A at p. 12, Ex. B at p. 21, Ex. C at p. 21, Ex. D at p. 21, Ex. E at p. 21, Ex. F at p. 22, Ex. G at p. 22, Ex. H at p. 22, Ex. I at p. 22, Ex. J at p. 22, Ex. K at p. 22, Ex. L at p. 22.)

31. Each iteration of the DAA provided at all times: "If you instruct us to send a funds transfer, such as a wire or ACH transfer, we and every other bank involved in the transfer may rely on any bank number or account number you provide. If the funds transfer instruction gives both a bank number or account number and a name, and the name identifies a different person from the bank or account owner identified by number, we and other banks that handle the funds transfer may still rely exclusively on the number. We have no duty to detect any inconsistency between the bank number or account number and the name." (Appx. C, Williams Decl. at Ex. A at p. 5, Ex.

B at p. 14, Ex. C at p. 14, Ex. D at p. 14, Ex. E at p. 14, Ex. F at p. 15, Ex. G at p. 15, Ex. H at p. 15, Ex. I at p. 15, Ex. J at p. 15, Ex. K at p. 15, Ex. L at p. 15.)

32. Each iteration of the DAA provided at all times "**WE WILL NOT BE LIABLE FOR INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE FORM OF ACTION AND EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.**" (Appx. C, Williams Decl. at Ex. A at p. 13, Ex. B at p. 21, Ex. C at p. 21, Ex. D at p. 21, Ex. E at p. 21, Ex. F at p. 21, Ex. G at p. 21, Ex. H at p. 21, Ex. I at p. 21, Ex. J at p. 21, Ex. K at p. 21, Ex. L at p. 21 (bold emphasis and capitalization in original).)

33. Munteanu enrolled to use Chase's online services and created an online profile on July 24, 2009. (Declaration of Kevin Kesterson "Kesterson Decl.," attached hereto at Appx. G, at ¶ 3.)

34. After Account -3593 was established in Hamlin Tec's name, it was linked with Munteanu's online profile. (Appx. G, Kesterson Decl. at ¶ 4.)

35. Because Account -3593 was linked with Munteanu's online profile, Mr. Munteanu was able to transact online with respect to Account -3593 through his online profile. (Appx. G, Kesterson Decl. at ¶ 5.)

36. Hamlin Tec accesses and uses banking services provided by Chase online. (Appx. E, RTA at ¶ 7.)

37. Munteanu, through his online profile, accepted Chase's Vendor Payment Service Agreement on December 3, 2009. (Appx. G, Kesterson Decl. at ¶ 6.)

38. The Vendor Payment Service Agreement in effect in January 2022 provided: "In processing and transmitting Instructions and Entries issued in your name, JPMorgan Chase may rely upon the identifying number (e.g., bank routing number or Payee account number) of any

bank or Payee identified in the Instructions. The RDFI may credit or debit, as appropriate, the account of the Payee on the basis of an account number, even if it identifies a person different from the Receiver. You assume full responsibility for any inconsistency between name and identifying number of any bank or Receiver in Instructions issued in your name and in any Entries processed and transmitted by JPMorgan Chase therefrom." (Appx. G, Kesterson Decl. at ¶ 7; Ex. A, ¶ 12.)

39. On January 19, 2022, an unknown third party contacted Hamlin Tec through email, pretended to be Union Electronic Distributors ("UED")—one of Hamlin Tec's business vendors, and asked Hamlin Tec to direct its next payment to UED to a new bank account ending in -7502 (the "-7502 Account"). (Appx. A, Compl. ¶ 6.)

40. After receiving the email on January 19, 2022, Munteanu, on behalf of Hamlin Tec, Inc., logged into his Chase online profile by entering his unique username and password into Chase's system. (Appx. E, RTA at ¶ 8.)

41. Munteanu created a new payment profile for UED by entering the account name, account number, and routing number. (Appx. F, Munteanu Tr. at 31:5-24.)

42. Munteanu initially issued a payment order instruction to Chase to pay UED at the -7502 Account on January 19, 2022, but the transaction was restricted by Chase. (Appx. F, Munteanu Tr. at 32:10-14.)

43. Subsequently, Munteanu visited his Chase bank branch, provided his information to Chase, confirmed that he was acting on behalf of Hamlin Tec, and confirmed that he was intending to send $133,106.78 to the account purporting to be UED ending in -7502. (Appx. F, Munteanu Tr. at 33:3-34:1.)

44. On January 20, 2022, Plaintiff initiated a payment order to Chase directing Chase to make a transfer of $133,106.78 from Account -3593 to UED at the -7502 Account. (Appx. A, Compl. ¶ 7; Appx. F, Munteanu Tr. at 36:14-21.)

45. On January 31, 2022, Plaintiff learned that UED did not receive the funds that were sent to Account -7502 because UED did not own or control Account -7502. (Appx. A, Compl. ¶ 11.)

46. At all relevant times, Account -7502 was maintained by Truist Bank in the name of an entity called ClassicPlan Premium Financing, Inc. (Appx. A, Compl. ¶ 10.)

47. Truist Bank "reviewed its account records, and, as reflected in TRUIST-Hamlin000001, none of the following entities named below, without regard to capitalization, punctuation or abbreviation, referred to an identifiable or existent account maintained with Truist as of January 20, 2022 to January 21, 2022:

a. UED

b. UED Incorporated

c. UED Limited Liability Company

d. UED Company

e. UED NEW

f. UED NEW Incorporated

g. UED NEW Limited Liability Company

h. UED NEW Company

i. U.E.D.

j. U.E.D. Incorporated

k. U.E.D. Limited Liability Company

l. U.E.D. Company

m. Union Electronic Distributors

n. Union Electronic Distributors Incorporated

o. Union Electronic Distributors Limited Liability Company

p. Union Electronic Distributors Company"

(Declaration of Thelma Singh "Singh Decl.," attached hereto at Appx. H, at ¶ 6, Ex. TRUIST_Hamlin000001).

48. Data from Hamlin's funds transfer instruction it input into Chase's online system on January 20, 2022 is listed in a Chase spreadsheet containing a snippet of some of the information that Chase's system then entered into the ACH system. Deposition Transcript of Kevin Kesterson, "Kesterson Tr.," attached hereto at Appx. I, at 13:23-14:18.)

49. Chase does not know if it has a document that contains all the information that was entered into the ACH system for Hamlin's funds transfer. (Appx. I, Kesterson Tr. at 14:19-15:11).

50. Chase does not know if any other information was included by Chase into the ACH System apart from what is stated in the spreadsheet. (Appx. I, Kesterson Tr. at 21:21-22:16).

51. Chase has not identified information other than that contained in the spreadsheet for the information entered by its computer system into the ACH System for Hamlin's January 2022 funds transfer. (Appx I, Kesterson Tr. at 15:9-11).

52. Under the spreadsheet heading for "Payee Name" for Hamlin's January 20, 2022 funds transfer, it shows Hamlin Tec Inc. as payee. (Appx. I, Kesterson Tr. at 18:4-13).

53. The data in Chase's spreadsheet showing the data entered into the ACH system for Hamlin's January 20, 2022 funds transfer does not list either UED NEW or Union Electronic Distributors. (Appx. I, Kesterson Tr. at 21:12-20).

54. Chase produced a document containing an online summary of the various online information associated with the UserID associated with Hamlin and the various legal agreements and when they accepted them.

55. Chase does not know if the online summary showing the legal agreements accepted by Hamlin may include agreements that were accepted by Mr. Munteanu for his personal accounts with Chase. (Appx. I, Kesterson Tr. at 83:14-20).

56. The Online Profile box on the online summary shows a primary account ending in 7241. (Appx. I, Kesterson Tr. at 83:6-10, Ex. 7 to Kesterson Tr., attached hereto at Appx. J).

57. The online summary of legal agreements gives data about all of the potential accounts held by either Hamlin Tec or Bogdan Munteanu. (Appx. I, Kesterson Tr. at 86:2-87:14; Appx. J).

Dated: November 29, 2024

Respectfully submitted,

/s/ *Steven B. Pollack (with authorization)*
Steven B. Pollack
Pollack Law Firm
49 Sherwood Terrace, Suite 49-X
Lake Bluff, IL 60044
P: 847-436-9566 | F: 888-491-9566
Email: steve@ecoesq.com

*Attorney for Plaintiff Hamlin Tec, Inc.*

/s/ *Christopher A. Mair*
Paul J. Ferak
Christopher A. Mair
Greenberg Traurig, LLP
77 West Wacker Dr., Suite 3100
Chicago, IL 60601
P: 312-456-8400
Email: ferakp@gtlaw.com
Email: christopher.mair@gtlaw.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on November 29, 2024, I caused the foregoing **PLAINTIFF HAMLIN TEC, INC.'S AND DEFENDANT JPMORGAN CHASE BANK, N.A.'S JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS** to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties.

*/s/ Christopher A. Mair*