**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Hamlin Tec, Inc., | ) |
| | ) Civil Action No. 23-cv-03415 |
| Plaintiff, | ) |
| v. | ) Hon. Sara L. Ellis |
| | ) |
| JPMorgan Chase Bank N.A., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF HAMLIN TEC, INC'S RESPONSES TO DEFENDANT'S**
**FIRST SET OF REQUESTS TO ADMIT**

1. Admit that You received monthly bank statements for Your Account.

**RESPONSE: Plaintiff objects to this request to admit as vague because it does not specify any particular monthly bank statement or period of time, but notwithstanding this objection, Plaintiff admits in general it received monthly bank statements.**

2. Admit that, on January 20, 2022, You maintained a Chase account ending in -3593.

**RESPONSE: Plaintiff Admits.**

3. Admit that, on January 20, 2022, You instructed Chase to make a funds transfer in the amount of $133,106.78 from Your Account to an external account ending in -7502.

**RESPONSE: Plaintiff admits on January 20, 2022, it instructed Chase to make a funds transfer in the amount of $133,106.78 from its Account to an external account for UED NEW or Union Electronic Distributors as beneficiary of the funds transfer, and that the intended beneficiary's account number stated in the instruction to Chase ends in -7502. Plaintiff denies it instructed Chase to make a funds transfer to an external account ending in -7502, as that account number was included in the instruction to allow all banks participating in the funds transfer to correctly route the transfer to the intended beneficiary's account.**

4. Admit that, on January 20, 2022, Chase initiated the $133,106.78 funds transfer to an external account ending in -7502 that You instructed Chase to make.

**RESPONSE: Plaintiff cannot truthfully admit or deny this request to admit as to whether Chase followed Plaintiff's funds transfer instruction because Chase has not yet responded to Plaintiff's Rule 34 Requests to Produce, and its production will include documents showing how Chase initiated Plaintiff's instructions. Responding further, the reason Plaintiff cannot truthfully admit or deny this request to admit is because Plaintiff lacks knowledge or information as to what information Chase used to initiate the funds transfer from Plaintiff's instructions, and Plaintiff has made a reasonable inquiry by attempting without success to learn how Chase initiated the funds transfer but Chase's local branch was not forthcoming with the information prior to litigation, Plaintiff issued Rule 34 Requests to Chase on this subject and is awaiting production, and the information Plaintiff currently knows is insufficient to enable it to admit or deny. Answering further, Plaintiff admits on January 20, 2022, it instructed Chase to make a funds transfer to UED NEW or Union Electronic Distributors as the funds transfer beneficiary with an account at Truist Bank, that Chase transferred $133,106.78 from Plaintiff's Chase Account and that transfer was received into an external account with Truist Bank with account ending in -7502, but the beneficiary of that account was not UED NEW or Union Electronic Distributors.**

5. Admit that You did not instruct Chase to use an intermediary bank in order to make the $133,106.78 funds transfer to an external account ending in -7502.

**RESPONSE: Plaintiff admits.**

6. Admit that the $133,106.78 funds transfer that You initiated on January 20, 2022 was completed and received by a Truist Bank account ending in -7502.

**RESPONSE: Plaintiff admits the funds transfer that it initiated on January 20, 2022 was received by a Truist Bank account ending in -7502, but denies the funds transfer was completed according to Plaintiff's instruction to Chase to transfer funds to the payee or beneficiary in Plaintiff's instructions when initiating the funds transfer.**

7. Admit that You enrolled in Chase's online banking service.

**RESPONSE: Plaintiff objects because the terms "online banking service" and "enrolled" are undefined. Plaintiff at this time admits it accesses and uses banking services provided by Chase online. Plaintiff lacks knowledge and information as to its enrollment in an online banking service, has made a reasonable inquiry into its records but the information it currently knows or can readily obtain is insufficient to enable it to admit or deny enrollment in such service. Plaintiff will supplement this response after reviewing the documents Chase provides in response to Plaintiff's Rule 34 production request.**

8. Admit that you used Chase's online banking service in order to initiate the $133,106.78 funds transfer to an external account ending in -7502 on January 20, 2022.

**RESPONSE: Plaintiff admits it initiated the $133,106.78 funds transfer on January 20, 2022 using services Chase provides online. Plaintiff denies it initiated the funds transfer to an external account ending in -7502 because it initiated the funds transfer to UED NEW or Union Electronic Distributors as beneficiary of the funds transfer, and only provided the beneficiary's account number ending in -7502 to ensure the intended beneficiary received the funds transfer in case there was more than one account at Truist Bank under the same name**.

Respectfully submitted,

Hamlin Tec, Inc.

By: /s/ Steven B. Pollack

Its Attorney

Steven B. Pollack, IL. Atty. No. 6290482
Pollack Law Firm
49 Sherwood Terrace, Suite 49-X
Lake Bluff, IL 60044
steve@ecoesq.com
847-436-9566 Tel. 888-491-9566 Fax

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served a copy of the foregoing Plaintiff's Rule 36 Responses on all counsel of record, via email, on January 15, 2024.

/s/ Steven B. Pollack
Plaintiff's Attorney