# Exhibit 5
# to Plaintiff's Response Opposing Summary Judgment

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HAMLIN TEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | No. 1:23-cv-03415<br><br>Honorable Sara L. Ellis<br><br>Magistrate Judge Heather K. McShain |

**DECLARATION OF STEVEN POLLACK**

I, STEVEN POLLACK, declare and state as follows:

1. I am an attorney for Hamlin Tec, Inc. (Hamlin") in the above referenced matter.

2. On October 30, 2023 I served on Defendant, JPMorgan Chase Bank, N.A. ("Chase") Plaintiff's First Requests for Production of Documents pursuant to Rule 34. (**Exhibit A** is a true and correct copy of Plaintiff's Rule 34 Requests)

3. Plaintiff's Request 6 was for: "A copy of the Funds Transfer instructions You provided to Truist Bank." (Ex. A, ¶ 6).

4. On January 12, 2024 Chase served its response to Plaintiff's requests. Chase objected to Request 6 and did not provide any documents in response. (**Exhibit B** is a true and correct copy of Chase's Rule 34 response).

5. On February 22, 2024 I requested to meet and confer with Chase's counsel.

   a. Following the meet and confer on March 1, 2024, Chase agreed to provide documents it had regarding Request 6.

   b. On May 14, 2024, I reminded Chase I still needed documents for Request 6, as discovery was coming to a close May 17, 2024 and I would need to file a motion to

compel if not produced. Chase responded that day, saying it was not refusing to produce the document, so a motion to compel was not appropriate.

c. On May 20, 2024, in response to my May 14, 2024 email, Chase produced a spreadsheet with an electronic file name of JPMC_HAMLIN_0278. (**Exhibit C** is a true and correct copy of my communications with Chase's counsel on this issue)

6. On July 24, 2024 I served Chase with Plaintiff's 2nd Amended Notice of Deposition of JPMORGAN Chase Bank, N.A., with rider describing matters for examination, which notice was Exhibit 1 to Chase's deposition (**Exhibit D** is a true and accurate copy, without attachments).

a. The rider stated as Matter 2:

> The information You or your system(s) provided the ACH system on about January 19, 2022 to January 21, 2022 regarding funds transfer instructions You received from Hamlin Tec Inc. directing You to execute a payment to an account beneficiary at Truist Bank in the amount of $133,106.78, including, without limitation, whether that information included the name of the payee provided by Hamlin Tec Inc. of Union Electronic Distributors and/or UED NEW.

b. The rider stated as Matter 10:

> The identity, description and location of documents and electronically stored information within Your records and/or computer system(s) which contain the information You or your system(s) provided the ACH system with regards to a funds transfer instruction You received from Hamlin Tec Inc. directing You to execute a payment to an account beneficiary at Truist Bank in the amount of $133,106.78 on about January 19, 2022 to January 21, 2022, including but without limitation, for ACH Payment ID numbers 5319215594 and 5319418020

7. I presented the spreadsheet identified as JPMC_HAMLIN_278 as Exhibit 3 during Chase's Rule 30(b)(6) deposition on July 30, 2024. (A copy of this spreadsheet, designated as Confidential pursuant to protective order, is filed provisionally under seal as Exhibit 1 to Plaintiff's Memorandum Opposing Summary Judgment at Dkt. 41)

8. On July 31, 2024 I emailed a follow up to Chase's counsel regarding Chase's testimony that the spreadsheet identified as JPMC_HAMLIN_278 did not contain all the information from

Chase's payment order. Chase responded it would continue looking. (**Exhibit E** is a true and accurate copy of my communications with Chase's counsel on this issue).

9. Chase has not supplemented its production to Plaintiff's Request 6 as of the date it filed its summary judgment motion.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed on December 23, 2024 in Lake Bluff, Illinois.

Steven B. Pollack

# Exhibit A
# to Pollack Declaration

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Hamlin Tec, Inc., | ) | |
| | ) | Civil Action No. 23-cv-03415 |
| Plaintiff, | ) | |
| v. | ) | Hon. Sara L. Ellis |
| | ) | |
| JPMorgan Chase Bank N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Hamlin Tec, Inc., by its attorneys and pursuant to Fed. R. Civ. P. 26 and 34, request that Defendant JPMorgan Chase Bank N.A., produce the following documents for inspection and copying to the offices of Pollack Law Firm, 49 Sherwood Terrace, Suite 49-X, Lake Bluff, IL 60044, within the time provided by law.

**DEFINITIONS**

"Funds Transfer" refers to the transfer of funds requested by Plaintiff from its account with You on January 20, 2022 in the amount of $133,106.78, through acceptance by Truist Bank to its account number ending in 7502 and payment by debit from Plaintiff's account with You.

"You" and "Your" refer to JPMorgan Chase Bank N.A., and any representative authorized to act on Your behalf relating to the funds transfer initiated by Plaintiff on or

**DOCUMENTS REQUESTED**

1. A copy of all Your Digital Services Agreements which were in effect for Plaintiff's account from which the Funds Transfer was made, from account inception through January 20, 2022.

**RESPONSE:**

2. A copy of all Your ACH Payment Service Addendums to Your Digital Services Agreements which were in effect for Plaintiff's account from which the Funds Transfer was made, from account inception through January 20, 2022.

**RESPONSE:**

3. A copy of all Your Online Wire Transfer Addendums to Your Digital Services Agreements which were in effect for Plaintiff's account from which the Funds Transfer was made, from account inception through January 20, 2022.

**RESPONSE:**

4. A copy of all Your Transfers Agreements ("Addendum") to Your Online Service Agreement ("Initial Agreement") which were in effect for Plaintiff's account from which the Funds Transfer was made, from account inception through January 20, 2022.

**RESPONSE:**

5. A copy all communications between You and Truist Bank to execute Plaintiff's Funds Transfer request.

**RESPONSE:**

6. A copy of the Funds Transfer instructions You provided to Truist Bank.

**RESPONSE:**

7. A copy of all communications between You and Truist Bank relating to the Funds Transfer after it was completed.

**RESPONSE:**

8. A copy of Your Audit Trail for the Funds Transfer.

**RESPONSE:**

9. A copy of Your Incident Response related to the Funds Transfer.

**RESPONSE:**

10. A copy of Your security procedures over funds transfers which related to the Funds Transfer.

**RESPONSE:**

11. A copy of any exception report related to the Funds Transfer.

**RESPONSE:**

12. A copy of Your internal review for the Funds Transfer.

**RESPONSE:**

13. A copy of all notices You sent to Plaintiff relating to Your ACH Payment Service Addendums and Online Wire Transfer Addendums, from the inception of Plaintiff's account through January 20, 2022.

**RESPONSE:**

14. A copy of all documents related to Your investigation of Plaintiff's claim to You the Funds Transfer went to the wrong recipient.

**RESPONSE**:

15. A copy of all Your communications with law enforcement agencies regarding the Finds Transfer.

**RESPONSE:**

16. A copy of all Your communications, including Your notes regarding them, with Plaintiff which relate to the Funds Transfer.

**RESPONSE:**

17. All documents not otherwise responsive to the above requests, which contain information relating to the Funds Transfer.

**RESPONSE:**

Respectfully submitted,

Hamlin Tec, Inc.

By: /s/ Steven B. Pollack
Its Attorney

Steven B. Pollack, IL. Atty. No. 6290482
Pollack Law Firm
49 Sherwood Terrace, Suite 49-X
Lake Bluff, IL 60044
steve@ecoesq.com
847-436-9566 Tel. 888-491-9566 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, I sent the foregoing Plaintiff's First Request for Production to Defendant to Defendant's counsel via e-mail to the following addresses:

To: Paul J. Ferak (lead trial attorney)
Christopher A. Mair
Greenberg Traurig, LLP
77 West Wacker Dr., Suite 3100
Chicago, IL 60601
P: 312-456-8400
Email: ferakp@gtlaw.com
Email: christopher.mair@gtlaw.com

/s/ Steven B. Pollack
Plaintiff's Attorney

# Exhibit B
# to Pollack Declaration

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HAMLIN TEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | No. 23-cv-03415<br><br>The Honorable Sara L. Ellis |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys, hereby responds and objects to Plaintiff's Requests for Production ("Request") pursuant to Federal Rule of Civil Procedure 34 served on October 30, 2023, and states as follows:

**SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

1. A copy of all Your Digital Services Agreements which were in effect for Plaintiff's account from which the Funds Transfer was made, from account inception through January 20, 2022.

**RESPONSE: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all [Chase's] Digital Services Agreements which were in effect for Plaintiff's account … from account inception" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's**

**suit was brought in connection with anything other than the January 20, 2022 ACH transaction.**

**Subject to and without waiving its objections, Chase states that it will produce a copy of the Digital Services Agreement and Addenda that was in effect for Plaintiff at the time Plaintiff initiated a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, as well as a copy of the Digital Services Agreement and ACH Payment Service Addendum that was in effect for Plaintiff at the time Plaintiff agreed to the Digital Services Agreement in November 2019.**

2. A copy of all Your ACH Payment Service Addendums to Your Digital Services Agreements which were in effect for Plaintiff's account from which the Funds Transfer was made, from account inception through January 20, 2022.

**RESPONSE: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all [Chase's] ACH Payment Service Addendums to [Chase's] Digital Services Agreements which were in effect for Plaintiff's account … from account inception" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction.**

**Subject to and without waiving its objections, Chase states that it will produce a copy of the Digital Services Agreement and Addenda that was in effect for Plaintiff at the time Plaintiff initiated a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit**

**account ending in -3593 on January 20, 2022, as well as a copy of the Digital Services Agreement and ACH Payment Service Addendum that was in effect for Plaintiff at the time Plaintiff agreed to the Digital Services Agreement in November 2019.**

3. A copy of all Your Online Wire Transfer Addendums to Your Digital Services Agreements which were in effect for Plaintiff's account from which the Funds Transfer was made, from account inception through January 20, 2022.

**<u>RESPONSE</u>: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all [Chase's] Online Wire Transfer Addendums to [Chase's] Digital Services Agreements which were in effect for Plaintiff's account … from account inception" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction.**

**Subject to and without waiving its objections, Chase states that it will produce a copy of the Digital Services Agreement and Addenda that was in effect for Plaintiff at the time Plaintiff initiated a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, as well as a copy of the Digital Services Agreement and ACH Payment Service Addendum that was in effect for Plaintiff at the time Plaintiff agreed to the Digital Services Agreement in November 2019.**

4. A copy all communications between You and Truist Bank to execute Plaintiff's Funds Transfer request.

**RESPONSE: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all communications between [Chase] and Truist Bank to execute Plaintiff's Funds Transfer request" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction. Chase further objects to this Request as duplicative of Request Nos. 5 and 6.**

**Based on these objections, Chase is not producing documents responsive to this Request. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.**

5. A copy of the Funds Transfer instructions You provided to Truist Bank.

**RESPONSE: Chase objects to this Request as vague and ambiguous because the term "Funds Transfer instructions" is susceptible to more than one reasonable interpretation and undefined. Chase further objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "the Funds Transfer instructions [Chase] provided to Truist Bank" is not**

**relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request as duplicative of Request Nos. 4 and 6.**

**Based on these objections, Chase is not producing documents responsive to this Request. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.**

6. A copy of all communications between You and Truist Bank relating to the Funds Transfer after it was completed.

**<u>RESPONSE</u>: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all communications between [Chase] and Truist Bank relating to the Funds Transfer after it was completed" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the Janary 20, 2022 ACH transaction. Chase further objects to this Request as duplicative of Request No. 4.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist.**

7. A copy of Your Audit Trail for the Funds Transfer.

**<u>RESPONSE</u>: Chase objects to this Request as vague and ambiguous because the term "Audit Trail" is susceptible to more than one reasonable interpretation and undefined. Chase further objects to this Request because it is unduly burdensome, is not proportional to the**

**needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about an "Audit Trail for the Funds Transfer" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.**

8. A copy of Your Incident Response related to the Funds Transfer.

**RESPONSE: Chase objects to this Request as vague and ambiguous because the term "Incident Response" is susceptible to more than one reasonable interpretation and undefined. Chase further objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about an "Incident Response" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's**

**suit was brought in connection with anything other than the January 20, 2022 ACH transaction.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.**

9. A copy of Your security procedures over funds transfers which related to the Funds Transfer.

**RESPONSE: Chase objects to this Request as vague and ambiguous because the term "security procedures" is susceptible to more than one reasonable interpretation and undefined.**

**Subject to and without waiving its objections, Chase states that it will produce a copy of the Digital Services Agreement and Addenda that was in effect for Plaintiff at the time Plaintiff initiated a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022.**

10. A copy of any exception report related to the Funds Transfer.

**RESPONSE: Chase objects to this Request as vague and ambiguous because the term "exception report" is susceptible to more than one reasonable interpretation and undefined. Chase further objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "any exception report related to the Funds Transfer" is not relevant to whether Chase**

**violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.**

11. A copy of Your internal review for the Funds Transfer.

**RESPONSE: Chase objects to this Request as vague and ambiguous because the term "internal review" is susceptible to more than one reasonable interpretation and undefined. Chase further objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about an "[Chase's] internal review for the Funds Transfer" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction. Chase objects to this Request to the extent that it seeks information and/or documents protected by any applicable privilege including, without limitation, the attorney-client privilege or the work product doctrine. Chase reserves the right to object at any time before, or at, trial to the introduction into evidence or the use of any privileged information that has been revealed or produced inadvertently.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.**

12. A copy of all notices You sent to Plaintiff relating to Your ACH Payment Service Addendums and Online Wire Transfer Addendums, from the inception of Plaintiff's account through January 20, 2022.

**<u>RESPONSE</u>: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all notices You sent to Plaintiff relating to Your ACH Payment Service Addendums and Online Wire Transfer Addendums from the inception of Plaintiff's account" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction. Chase objects to this Request as vague and ambiguous because the term "relating to" is susceptible to more than one reasonable interpretation and undefined.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist.**

13. A copy of all documents related to Your investigation of Plaintiff's claim to You the Funds Transfer went to the wrong recipient.

**RESPONSE: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "[Chase's] investigation of Plaintiff's claim to [Chase] the Funds Transfer went to the wrong recipient" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction. Chase further objects to this Request to the extent that it seeks information and/or documents protected by any applicable privilege including, without limitation, the attorney-client privilege or the work product doctrine. Chase reserves the right to object at any time before, or at, trial to the introduction into evidence or the use of any privileged information that has been revealed or produced inadvertently. Chase further objects to this Request to the extent that it seeks information and/or documents that are protected from disclosure by law and confidentiality obligations that Chase has to non-parties, its employees or others, including, without limitation, the bank examination privilege, the confidential supervisory information privilege, any applicable law enforcement privileges, and/or the restrictions on disclosure set forth in the Illinois Banking Act, the Bank Secrecy Act, the Gramm-Leach-Bliley Act, and the Annunzio-Wylie Anti- Money Laundering Act, as well as their implementing regulations.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist.**

14. A copy of all Your communications with law enforcement agencies regarding the Finds Transfer.

**<u>RESPONSE</u>: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "communications with law enforcement agencies regarding the Funds Transfer" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction. Chase further objects to this Request to the extent that it seeks information and/or documents that are protected from disclosure by law and confidentiality obligations that Chase has to non-parties, its employees or others, including, without limitation, the bank examination privilege, the confidential supervisory information privilege, any applicable law enforcement privileges, and/or the restrictions on disclosure set forth in the Illinois Banking Act, the Bank Secrecy Act, the Gramm-Leach-Bliley Act, and the Annunzio-Wylie Anti- Money Laundering Act, as well as their implementing regulations.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an**

**admission that such documents exist. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.**

15. A copy of all Your communications, including Your notes regarding them, with Plaintiff which relate to the Funds Transfer.

**RESPONSE: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all [Chase's] communications, including [Chase's] notes regarding them with Plaintiff which relate to the Funds Transfer" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction. Chase further objects to this Request to the extent that it seeks information and/or documents protected by any applicable privilege including, without limitation, the attorney-client privilege or the work product doctrine. Chase reserves the right to object at any time before, or at, trial to the introduction into evidence or the use of any privileged information that has been revealed or produced inadvertently.**

**Subject to and without waiving its objections, Chase states that it will produce communications in Chase's possession between Chase and Plaintiff concerning the single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022.**

16. All documents not otherwise responsive to the above requests, which contain information relating to the Funds Transfer.

**RESPONSE: Chase objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff's Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about "all documents … which contain information relating to the Funds Transfer" is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request to the extent it assumes that Plaintiff's suit was brought in connection with anything other than the January 20, 2022 ACH transaction. Chase further objects to this Request to the extent that it seeks information and/or documents protected by any applicable privilege including, without limitation, the attorney-client privilege or the work product doctrine. Chase reserves the right to object at any time before, or at, trial to the introduction into evidence or the use of any privileged information that has been revealed or produced inadvertently.**

**Based on these objections, Chase is not producing documents responsive to this Request, and a representation that Chase is not producing documents does not constitute an admission that such documents exist.**

Dated: January 12, 2024

Respectfully submitted,

*/s/ Christopher A. Mair*

Paul J. Ferak
Christopher A. Mair
**GREENBERG TRAURIG, LLP**
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Email: ferakp@gtlaw.com
Email: mairc@gtlaw.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

# Exhibit C
# to Pollack Declaration

Outlook

## RE: Hamlin Tec v JPMorgan - Outstanding Discovery

**From** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Date** Mon 5/20/2024 10:42 AM
**To** Steve Pollack <steve@ecoesq.com>

1 attachment (13 KB)
JPMC_HAMLIN_0278 - CONFIDENTIAL (REDACTED).XLSX;

Hi Steve – please see attached.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Mair, Christopher (Assoc-CHI-LT)
**Sent:** Tuesday, May 14, 2024 10:36 AM
**To:** 'Steve Pollack' <steve@ecoesq.com>
**Subject:** RE: Hamlin Tec v JPMorgan - Outstanding Discovery

Hi Steve – Chase is not refusing to produce this document so I don't think a motion to compel would be proper here. I don't have a specific timeframe but my client is working on obtaining the document.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Tuesday, May 14, 2024 10:23 AM

**To:** Mair, Christopher (Assoc-CHI-LT) <Christopher.Mair@gtlaw.com>
**Subject:** Re: Hamlin Tec v JPMorgan - Outstanding Discovery

Hi Christopher,

Regarding the document we have been discussing which would show the beneficiary/receiver information entered into the ACH system on the at-issue funds transfer, I need that ASAP as discovery closes 5/17 and I don't want to be precluded from filing a motion to compel if that is not produced.

Please let me know soon when you will produce it.

Thank you,

Steve

Steven B. Pollack
Pollack Law Firm
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
847-436-9566 Direct
888-491-9566 Fax

---

**From:** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Sent:** Monday, May 6, 2024 9:34 AM
**To:** Steve Pollack <steve@ecoesq.com>
**Subject:** RE: Hamlin Tec v JPMorgan - Outstanding Discovery

Hi Steve – I don't have an exact date for you but I can confirm that the bank is looking into it.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Monday, May 6, 2024 10:08 AM
**To:** Mair, Christopher (Assoc-CHI-LT) <Christopher.Mair@gtlaw.com>
**Subject:** Re: Hamlin Tec v JPMorgan - Outstanding Discovery

***EXTERNAL TO GT***

Christopher,

Given that Plaintiff has until May 20, 2024 for its settlement proposal, I would like to get the information we discussed regarding the beneficiary information contained in the funds transfer instruction Chase or its system entered into the ACH system that then went to Truist Bank. Please advise when I can get that.

Thanks,

Steve

Steven B. Pollack

Pollack Law Firm

49 Sherwood Terrace

Suite 49-X

Lake Bluff, IL 60044

847-436-9566 Direct

888-491-9566 Fax

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Monday, May 6, 2024 8:49 AM
**To:** Marwaha, Punit K. <Punit.Marwaha@troutman.com>
**Cc:** Christopher Mair <christopher.mair@gtlaw.com>
**Subject:** Re: Hamlin Tec v JPMorgan - Notice of Deposition

Punit,

Can you confirm Truist Bank's deposition via Zoom this Thursday, May 9, 2024 starting at 1pm?

Thank you,

Steve

Steven B. Pollack

Pollack Law Firm

49 Sherwood Terrace

Suite 49-X

Lake Bluff, IL 60044

847-436-9566 Direct

888-491-9566 Fax

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Tuesday, April 9, 2024 8:49 AM
**To:** Marwaha, Punit K. <Punit.Marwaha@troutman.com>
**Cc:** Christopher Mair <christopher.mair@gtlaw.com>
**Subject:** Hamlin Tec v JPMorgan - Notice of Deposition

Counsel,

Please find attached Hamlin Tec's notice of depostion to Truist Bank, served on counsel for Truist by email per prior agreement. A paper copy with the witness fee will follow. This deposition is noticed to be taken via Zoom on May 9, 2024 beginning at 1:00PM. If this presents a conflict, please let me know soon so I can reschedule a new date.

Sincerely,

Steve

Steven B. Pollack

Pollack Law Firm

49 Sherwood Terrace

Suite 49-X

Lake Bluff, IL 60044

847-436-9566 Direct

888-491-9566 Fax

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

# Exhibit D
# to Pollack Declaration

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Hamlin Tec, Inc., | ) |
| | ) Civil Action No. 23-cv-03415 |
| Plaintiff, | ) |
| v. | ) Hon. Sara L. Ellis |
| | ) |
| JPMorgan Chase Bank N.A., | ) Magistrate Judge Heather K. McShain |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S 2nd AMENDED NOTICE OF DEPOSITION**
**OF JPMORGAN CHASE BANK N.A.**

To: Paul J. Ferak
Christopher A. Mair
**GREENBERG TRAURIG, LLP**
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
Email: ferakp@gtlaw.com
Email: mairc@gtlaw.com

This is notice that plaintiff Hamlin Tec, Inc. by its counsel, Pollack Law Firm, pursuant to Fed. R. Civ. P. 30(b)(6), will take the deposition upon oral examination of Defendant JPMorgan Chase Bank N.A., to be recorded by stenographic means, at the office of the Pollack Law Firm, **49 Sherwood Terrace, Suite 49-X Lake Bluff, IL 60044 via remote Zoom means**, JPMorgan Chase Bank N.A. is requested to designate the person(s) who will testify on behalf of JPMorgan Chase Bank N.A. concerning the matters described in Attachment A hereto.

The deposition will commence at **9:00 a.m**. on Tuesday, **July 30, 2024**. The deposition will continue until completed, subject to the limitations in the Federal Rules of Civil Procedure.

NOTICE: Pursuant to Rule 30(b)(6): You "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. *** The persons designated must testify about information known or reasonably available to the organization."

Dated: July 24, 2024

Respectfully submitted,

By: /s/ Steven B. Pollack
Plaintiff's Attorney

Pollack Law Firm
49 Sherwood Terrace, Suite 49-X
Lake Bluff, IL 60044
847-436-9566 Direct

PLAINTIFF'S EXHIBIT
1

**Attachment A**
**Matters for Examination**

1. The information You received from Hamlin Tec Inc. through Your online system between January 19, 2022 and January 21, 2022 regarding funds transfer instructions directing Chase to execute a payment to an account beneficiary at Truist Bank in the amount of $133,106.78.
2. The information You or your system(s) provided the ACH system on about January 19, 2022 to January 21, 2022 regarding funds transfer instructions You received from Hamlin Tec Inc. directing You to execute a payment to an account beneficiary at Truist Bank in the amount of $133,106.78, including, without limitation, whether that information included the name of the payee provided by Hamlin Tec Inc. of Union Electronic Distributors and/or UED NEW.
3. The content of the discussion between JPMorgan Chase Bank N.A. and Hamlin Tec Inc, referenced in the document Bates labeled JPMC_HAMLIN_0001.
4. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled JPMC_HAMLIN_0003. (Attached)
5. The facts and circumstances underlying the content of the documents, and use of the documents, Bates labeled JPMC_HAMLIN_0246 to 0268. (Attached)
6. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled JPMC_HAMLIN_0276. (Attached)
7. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled JPMC_HAMLIN_0277. (Attached)
8. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled HAMLIN-00001 to 00002. (Attached)
9. The version of the NACHA Operating Rules and Guidelines You contend were in effect between January 19, 2022 and January 21, 2022.
10. The identity, description and location of documents and electronically stored information within Your records and/or computer system(s) which contain the information You or your system(s) provided the ACH system with regards to a funds transfer instruction You received from Hamlin Tec Inc. directing You to execute a payment to an account beneficiary at Truist Bank in the amount of $133,106.78 on about January 19, 2022 to January 21, 2022, including but without limitation, for ACH Payment ID numbers 5319215594 and 5319418020
11. The facts and circumstances regarding when and how Hamlin Tec Inc. had notice that payment of a payment order issued by Hamlin Tec Inc. might be made by the beneficiary's bank on the basis of an identifying or bank account number even if it identifies a person different from the named beneficiary.
12. The facts and circumstances underlying the content of the document, and use of the spreadsheet, Bates labeled HAMLIN-0278.
13. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled HAMLIN-0279 to 0287. (Attached)
14. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled HAMLIN-0288 to 0314. (Attached)
15. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled HAMLIN-0315. (Attached)

16. The facts and circumstances underlying the content of the document, and use of the document, Bates labeled HAMLIN-0316 to 0317. (Attached)

**CERTIFICATE OF SERVICE**

To: Paul J. Ferak
Christopher A. Mair
**GREENBERG TRAURIG, LLP**
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
Email: ferakp@gtlaw.com
Email: mairc@gtlaw.com

I certify that on July 24, 2024, I served the foregoing Notice of Deposition of Defendant JP Morgan Chase Bank N.A. via email to the above recipients.

/s/ Steven B. Pollack

Steven B. Pollack, Atty. No. 6290482
Pollack Law Firm
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
T: 847-436-9566 | F: 888-491-9566
steve@ecoesq.com

# Exhibit E
# to Pollack Declaration

Outlook

## RE: Hamlin Tec v. Chase - Joint Status Report - Discovery Issues

**From** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Date** Mon 8/12/2024 4:08 PM
**To** Steve Pollack <steve@ecoesq.com>
**Cc** FerakP@gtlaw.com <FerakP@gtlaw.com>

We will be able to get a version of JPMC_HAMLIN_0286 that is not cut off. I am still looking into your second item.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Mair, Christopher (Assoc-CHI-LT)
**Sent:** Tuesday, August 6, 2024 4:01 PM
**To:** 'Steve Pollack' <steve@ecoesq.com>
**Cc:** Ferak, Paul (Shld-Chi-LT) <FerakP@gtlaw.com>
**Subject:** RE: Hamlin Tec v. Chase - Joint Status Report - Discovery Issues

Hi Steve – will do. My client is looking into both items.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Tuesday, August 6, 2024 3:58 PM
**To:** Mair, Christopher (Assoc-CHI-LT) <Christopher.Mair@gtlaw.com>
**Cc:** Ferak, Paul (Shld-Chi-LT) <FerakP@gtlaw.com>
**Subject:** Re: Hamlin Tec v. Chase - Joint Status Report - Discovery Issues

Christopher,

I plan to wait on the transcript of Chase's deposition before I file any Rule 37 motion. I think the transcript should be ready next week, so please let me know as soon as possible on the two discovery items.

Steve

Steven B. Pollack

Pollack Law Firm

49 Sherwood Terrace, Suite 49-X

Lake Bluff, IL 60044

847-436-9566 Direct

888-491-9566 Fax

---

**From:** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Sent:** Wednesday, July 31, 2024 2:31 PM
**To:** Steve Pollack <steve@ecoesq.com>
**Cc:** FerakP@gtlaw.com <FerakP@gtlaw.com>
**Subject:** RE: Hamlin Tec v. Chase - Joint Status Report - Discovery Issues

Steve – I will look into the two discovery items you are raising, but on the summary judgment piece you are wrong. For starters, we are before Judge Ellis--not Judge Cummings--and her standing order on summary judgment is clear:

> With respect to any motions for summary judgment, the Court requires the moving party to advise the opposing party in a short letter (*e.g.*, 2-3 pages) of the basis for the motion (including relevant legal authority). **Do not file the letter with the Court.** The Court requires the moving party and the opposing party to then meet and confer, during which time the opposing party should advise the moving party of factual matter or legal authority that it believes would defeat the motion. After this consultation, if the movant still wishes to file the motion, the movant should do so and the Court will rule on the motion. Any motion must state with specificity what the parties did to comply with the meet and confer requirement.

This process does not preclude the parties setting a briefing schedule on summary judgment (which the Court instructed the parties to do). Whether you believe there are issues of fact or not is not dispositive of whether Chase moves for summary judgment, which we have indicated we planned to do since the inception of this case.

If you disagree with the current JSR and do not want your signature affixed to it, let me know. I'm happy to send it with a note that Plaintiff disagrees with the briefing schedule.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Wednesday, July 31, 2024 1:58 PM
**To:** Mair, Christopher (Assoc-CHI-LT) <Christopher.Mair@gtlaw.com>
**Cc:** Ferak, Paul (Shld-Chi-LT) <FerakP@gtlaw.com>
**Subject:** Re: Hamlin Tec v. Chase - Joint Status Report - Discovery Issues

***EXTERNAL TO GT***

Christopher,

A couple issues. I think we need to resolve some discovery issues that came up yesterday at Chase's deposition, or alert the court there may be a discovery dispute prior to any summary judgment briefing.

First, JPMC_HAMLIN_0286 appears to have the last of four columns cut off. See JPMC_HAMLIN_0284 for the similar form showing four columns. The Chase deponent could not say if that fourth column had any data relevant to the fields in the third column.

More important is the issue of Plaintiff's Rule 34 Request # 6:

> 6. A copy of the Funds Transfer instructions You provided to Truist Bank.

Chase responded January 12, 2024:

> Chase objects to this Request as vague and ambiguous because the term “Funds Transfer instructions” is susceptible to more than one reasonable interpretation and undefined. Chase further objects to this Request because it is unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to the subject matter involved in the pending action, as Plaintiff has asserted claims for violation of UCC Article 4A based on a single ACH transaction of $133,106.78 from Plaintiff’s Chase deposit account ending in -3593 on January 20, 2022, on an individual basis, and the information sought about “the Funds Transfer instructions [Chase] provided to Truist Bank” is not relevant to whether Chase violated UCC Article 4A in this case. Chase further objects to this Request as duplicative of Request Nos. 4 and 6.Based on these objections, Chase is not producing documents responsive to this Request. However, Chase is willing to meet and confer with Plaintiff to clarify the meaning of this Request.

I responded February 22, 2024:

> Chase responded to this request as ¶ 5 and objected based on “Funds Transfer instructions” is

> susceptible to more than one reasonable interpretation and undefined. Funds Transfer was defined in the R. 34 definitions. By "Funds Transfer instruction" Plaintiff means whatever instruction Chase provided to Truist such as the payment order transmitted to Truist.
>
> Chase objects as unduly burdensome and not proportional to the needs of the case, but without providing any supporting facts. This is improper, see response to ¶ 5.
>
> Chase objects as to relevance based on violation of UCC but UCC deals with liability, not fault. The Funds Transfer instruction or payment order which Chase provided to Truist is relevant to the issue whether Chase provided the same information to Truist which Plaintiff provided to Chase. This is relevant to 810 ILCS 5/4A-303(c) and Count I, 810 ILCS 5/4A-207(a) and Count II, and 810 ILCS 5/4A-207(b) and Count III. Plaintiff requests Chase meet and confer with regard to any needed clarification.

We had a meet and confer March 1, 2024. I followed up on May 6, 2024:

> Given that Plaintiff has until May 20, 2024 for its settlement proposal, I would like to get the information we discussed regarding the beneficiary information contained in the funds transfer instruction Chase or its system entered into the ACH system that then went to Truist Bank. Please advise when I can get that.

I followed up May 14, 2024:

> Regarding the document we have been discussing which would show the beneficiary/receiver information entered into the ACH system on the at-issue funds transfer, I need that ASAP as discovery closes 5/17 and I don't want to be precluded from filing a motion to compel if that is not produced. Please let me know soon when you will produce it.

You responded May 14, 2024:

> Hi Steve – Chase is not refusing to produce this document so I don't think a motion to compel would be proper here. I don't have a specific timeframe but my client is working on obtaining the document

On May 20, 2024 you produced the spreadsheet: JPMC_HAMLIN_0278

At yesterday's deposition, Chase testified that JPMC_Hamlin_0278 did not contain all the information which Chase included into the ACH system. If you recall, following my direct in which I raised this issue specifically showing Hamlin Tec as the payee and included no data regarding Union Electronic Distributors, on redirect you elicited testimony that the data in the document did not contain all the information sent by Chase's system into the ACH system, and more specifically, that Chase's system included the name of the payee in the NACHA system.

Based on this testimony, I do not believe Chase has provided the document requested in Plaintiff's Rule 34 request number 6, and as discussed by us in our meet and confer and subsequent communications. I am therefore considering filing a Rule 37(a)(3)(B)(iv), (a)(3)(C), and/or (a)(4) motion to compel.

I would prefer we work this out without court intervention, but if we cannot, then I will move forward with the motion. I will be out of town until Tuesday of next week. Please let me know Chase's position in the meantime.

I also do not agree that summary judgment is possible given several disputed issues of material fact, including:

(1) If Chase included Union Electronic Distributors as payee in the information provided by Chase's systems into the ACH payment system, which is material to Plaintiff's Count I under UCC 4A-303 for erroneous execution of payment order;
(2) If Hamlin Tec "had notice that payment of a payment order issued by the originator might be made by the beneficiary's bank on the basis of an identifying or bank account number event if it identifies a person different from the named beneficiary" which is material to Plaintiff's Count III under UCC 4A-207(b), (c)(2).

I also think the joint status needs to track or at least mention the off the record conference call described in Judge Cummings standing order on summary judgment. Finally, there should be some discussion that Chase intends to seek summary judgment and that materials in the case are under protective order and the Court will need to decide if those materials may be filed under seal.

Regards,

Steve

Steven B. Pollack

Pollack Law Firm

49 Sherwood Terrace, Suite 49-X

Lake Bluff, IL 60044

847-436-9566 Direct

888-491-9566 Fax

---

**From:** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Sent:** Wednesday, July 31, 2024 12:41 PM
**To:** Steve Pollack <steve@ecoesq.com>
**Subject:** Hamlin Tec v. Chase - Joint Status Report

Steve – let me know if you are OK with the attached draft JSR.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

Outlook

## Re: Hamlin Tec v JPMorgan - Outstanding Discovery

**From** Steve Pollack <steve@ecoesq.com>
**Date** Mon 5/20/2024 11:15 AM
**To** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>

Is this the information provided into the ACH system through Chase?

Thanks,

Steve

Steven B. Pollack
Pollack Law Firm
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
847-436-9566 Direct
888-491-9566 Fax

---

**From:** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Sent:** Monday, May 20, 2024 10:42 AM
**To:** Steve Pollack <steve@ecoesq.com>
**Subject:** RE: Hamlin Tec v JPMorgan - Outstanding Discovery

Hi Steve – please see attached.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Mair, Christopher (Assoc-CHI-LT)
**Sent:** Tuesday, May 14, 2024 10:36 AM
**To:** 'Steve Pollack' <steve@ecoesq.com>
**Subject:** RE: Hamlin Tec v JPMorgan - Outstanding Discovery

Hi Steve – Chase is not refusing to produce this document so I don't think a motion to compel would be proper here. I don't have a specific timeframe but my client is working on obtaining the document.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Tuesday, May 14, 2024 10:23 AM
**To:** Mair, Christopher (Assoc-CHI-LT) <Christopher.Mair@gtlaw.com>
**Subject:** Re: Hamlin Tec v JPMorgan - Outstanding Discovery

Hi Christopher,

Regarding the document we have been discussing which would show the beneficiary/receiver information entered into the ACH system on the at-issue funds transfer, I need that ASAP as discovery closes 5/17 and I don't want to be precluded from filing a motion to compel if that is not produced.

Please let me know soon when you will produce it.

Thank you,

Steve

Steven B. Pollack
Pollack Law Firm
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
847-436-9566 Direct
888-491-9566 Fax

---

**From:** Christopher.Mair@gtlaw.com <Christopher.Mair@gtlaw.com>
**Sent:** Monday, May 6, 2024 9:34 AM
**To:** Steve Pollack <steve@ecoesq.com>
**Subject:** RE: Hamlin Tec v JPMorgan - Outstanding Discovery

Hi Steve – I don't have an exact date for you but I can confirm that the bank is looking into it.

**Christopher Mair**
Associate

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1064
Christopher.Mair@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Monday, May 6, 2024 10:08 AM
**To:** Mair, Christopher (Assoc-CHI-LT) <Christopher.Mair@gtlaw.com>
**Subject:** Re: Hamlin Tec v JPMorgan - Outstanding Discovery

***EXTERNAL TO GT***

Christopher,

Given that Plaintiff has until May 20, 2024 for its settlement proposal, I would like to get the information we discussed regarding the beneficiary information contained in the funds transfer instruction Chase or its system entered into the ACH system that then went to Truist Bank. Please advise when I can get that.

Thanks,

Steve

Steven B. Pollack
Pollack Law Firm
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
847-436-9566 Direct
888-491-9566 Fax

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Monday, May 6, 2024 8:49 AM
**To:** Marwaha, Punit K. <Punit.Marwaha@troutman.com>
**Cc:** Christopher Mair <christopher.mair@gtlaw.com>
**Subject:** Re: Hamlin Tec v JPMorgan - Notice of Deposition

Punit,

Can you confirm Truist Bank's deposition via Zoom this Thursday, May 9, 2024 starting at 1pm?

Thank you,

Steve

Steven B. Pollack
Pollack Law Firm
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
847-436-9566 Direct
888-491-9566 Fax

---

**From:** Steve Pollack <steve@ecoesq.com>
**Sent:** Tuesday, April 9, 2024 8:49 AM
**To:** Marwaha, Punit K. <Punit.Marwaha@troutman.com>
**Cc:** Christopher Mair <christopher.mair@gtlaw.com>
**Subject:** Hamlin Tec v JPMorgan - Notice of Deposition

Counsel,

Please find attached Hamlin Tec's notice of depostion to Truist Bank, served on counsel for Truist by email per prior agreement. A paper copy with the witness fee will follow. This deposition is noticed to be taken via Zoom on May 9, 2024 beginning at 1:00PM. If this presents a conflict, please let me know soon so I can reschedule a new date.

Sincerely,

Steve

Steven B. Pollack
Pollack Law Firm
49 Sherwood Terrace
Suite 49-X
Lake Bluff, IL 60044
847-436-9566 Direct
888-491-9566 Fax

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.